■ In the Matter of SAMUEL TERMINI, Respondent, v RONALD HACKETT, as Commissioner of the Cattaraugus County Department of Social Services, et al., Appellants, and NIAGARA MOHAWK POWER CORPORATION, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this article 78 proceeding, Special Term, erred in directing the Cattaraugus County Department of Social Services to pay the sum of $335.40 to Niagara Mohawk Power Corporation for the arrears for electric service provided to petitioner, a 78-year-old recipient of Supplemental Security Income benefits (SSI). Emergency assistance to aged persons in petitioner's category is restricted to household expenses (including rent, fuel for heating, gas and electric utilities) incurred during the four-month period immediately prior to application for assistance when it is necessary to prevent eviction or utility shutoff although assistance may be withheld if a similar grant was made within the preceding 12 months (Social Services Law, § 303, subd 1, par [m]). The record shows that Niagara Mohawk threatened to terminate electric service unless the arrears were paid in full; that the arrears extended beyond four months (approximately 12 months); and that petitioner received two emergency fuel for heating grants within the 12-month period preceding his application. Allegedly, Social Services offer to pay the utility bill for the four months preceding the application was refused. Niagara Mohawk contends that all arrearages must be paid to prevent termination of services (Transportation Corporations Law, § 15). Petitioner cannot rely on the provisions of the Transportation Corporations Law to require Social Services to pay all utility arrearages in order to prevent termination by a utility. Sections 12 and 13 of the Transportation Corporations Law deal with a utility company's obligation to provide services upon the application of a person receiving public assistance or SSI benefits respectively. Subdivision 2 of section 15 of the Transporta-

tion Corporations Law, which proscribes discontinuance of utility service for nonpayment of bills, applies to persons receiving public assistance *(Matter of Barroncini v Shang,* 77 AD2d 803; *Matter of Rivera v Berger,* 89 Misc 2d 586, affd 60 AD2d 605). Petitioner, however, is not entitled to any relief under this section since a recipient of SSI benefits is not within the statutory definition of persons receiving public assistance (Social Services Law, § 2, subd 20). Further petitioner is not eligible for an emergency home relief grant (18 NYCRR 370.4) and, in any event, his income including his SSI benefits was greater than what he would have been entitled to receive through public assistance or home relief (cf. *Matter of Bernstein v Toia,* 43 NY2d 473). We conclude that the Cattaraugus County Department of Social Services lacked statutory authorization to grant petitioner emergency assistance to prevent termination of utility service to his home and properly denied his application. Further we hold that under the circumstances of this case petitioner was not obligated to exhaust his administrative remedies by requesting a fair hearing (18 NYCRR 397.8) prior to seeking judicial assistance since to do so would have been a futile effort due to time constraints (see *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Matter of Caso v New York State Public High School Athletic Assn.,* 78 AD2d 41). (Appeal from judgment of Cattaraugus Supreme Court — art 78.) Present — Cardamone, J. P., Simons, Callahan, Doerr and Schnepp, JJ.