■ In the Matter of ESTHER MENDERS, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Judgment (denominated an order), Supreme Court, New York County (Dontzin, J.), entered July 10, 1981, denying petitioner's application and dismissing her petition, unanimously reversed, on the law, without costs, the petition reinstated, respondents' determination annulled, petitioner's ap-

plication for an emergency allowance of $287.67 granted, the agency directed to issue such grant. Title 8 of article 5 of the Social Services Law recognizes that certain emergency needs of New York recipients of Federal Supplemental Security Income (SSI) benefits cannot be met by that Federal program alone (Social Services Law, § 300; 18 NYCRR 397.4). One criterion for such emergency supplementary assistance from the State is a demonstration that failure to meet these needs "would endanger the health, welfare or safety of the individual" (Social Services Law, § 302; 18 NYCRR 397.5). The 23-year-old petitioner is a recipient of Federal Social Security disability and SSI benefits. She is under continuous doctor's care for a rheumatic heart condition which, among other things, causes her difficulty in breathing, especially in cold weather. During such periods she uses an electric heater to warm her apartment. Petitioner receives total monthly Federal benefits of $291.41, her sole income. She pays a monthly rent of $150. For the first four months of 1980 she was billed a total of $287.67 for gas and electricity, apparently due to her use of an electric heater to help keep the apartment warm. Unable to pay this arrearage, petitioner received a shut-off notice from Con Edison in May, 1980, demanding payment in full plus an additional security advance. State emergency assistance is available for this purpose, under the category of "[h]ousehold expenses", in order to prevent a shutoff of gas or electric utilities (Social Services Law, § 303, subd 1, par [m]). Upon advice and referral from the Social Security Administration's Bronx district office, petitioner applied for such an emergency grant from respondent New York City Department of Social Services (the agency). The request was denied. At an administrative "fair hearing" before respondent State commissioner to challenge the agency's denial, petitioner indicated that she did not have sufficient funds to stave off the threatened discontinuance of her utilities. The agency offered no evidence, nor did it attempt to refute petitioner's contention, that a shutoff would adversely affect her health, welfare or safety, thus presenting an emergency situation. The State commissioner affirmed the agency determination in summary fashion, concluding that petitioner's Federal assistance was sufficient to meet her ongoing utility needs, that petitioner's health, welfare or safety was not endangered, and that there was thus no emergency warranting the relief sought. There was no rational basis for that decision, as is obvious when one compares petitioner's income and the size of the bill. Special Term dismissed the CPLR article 78 petition. The court identified the issue as whether a shutoff would jeopardize petitioner's "health, welfare *and* safety". Noting that petitioner was otherwise eligible for emergency assistance, the court went on to rule that she had failed to produce evidence of medical necessity for use of a heater, or that nonuse would endanger her health. On reargument Special Term adhered to its prior determination. We disagree for several reasons. In order to establish eligibility for emergency assistance, petitioner need only establish jeopardy to her health, welfare *or* safety, not all three. In this respect, although the State commissioner applied the appropriate standard, the conclusion had no rational basis. The continued provision of gas and electric service to residents is essential to the preservation of their health and general welfare. This well-settled policy is recognized in the recently enacted amendment to the Public Service Law (§ 30 *et seq.*). See section 32 (subd 3, pars [a], [b], [c]) of the Public Service Law relating to termination of service to residents who will suffer serious impairment of health or safety as a result of such termination because of a "medical emergency" or because they are "elderly, blind or disabled", particularly during cold weather periods. There was no evidence to contradict petitioner's showing. The fact that petitioner is a certified SSI disability benefits recipient, as conceded by

respondents, strongly supports her assertion of a medical necessity to keep warm during the·cold winter months. Once such a showing was made, it was incumbent upon the agency to make some effort at the fair hearing to refute petitioner's assertion of emergency need. Unless there is some showing that "petitioner is not in need of the emergency public assistance and care which [she] is unable to provide for" herself, the agency "must furnish [her] assistance" (*Matter of Kahn v Smith*, 60 AD2d 869). Failure to do so is "arbitrary and without rational basis" (*Matter of Kolitz v Blum*, 75 AD2d 516). Concur — Sullivan, J. P., Lupiano, Silverman, Bloom and Fein, JJ.