■ In the Matter of CHARLENE GARVEY, Petitioner, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services; et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of New York State Department of Social Services, dated December 22, 1981 and made after a statutory fair hearing, which affirmed a determination of the Commissioner of the Suffolk County Department of Social Services denying petitioner Emergency Assistance for Adults, pursuant to 18 NYCRR Part 397. Petition granted, determination annulled on the law, without costs or disbursements, and respondents are directed to pay petitioner's utility arrears for the four-month period in question. Petitioner, a disabled person, is the recipient of Federal Supplemental Security (SSI) (US Code, tit 42, § 1381 *et seq.*). On December 1, 1981 petitioner applied to the Suffolk County Department of Social Services for Emergency Assistance for Adults pursuant to 18 NYCRR 397.1 *et seq*. Specifically, petitioner sought the emergency assistance to pay $166.05 in utility arrears for the period July 10, 1981 to November 6, 1981. Her application was denied because her current available income exceeded her budgeted needs. Pursuant to 18 NYCRR 397.8 petitioner requested an expedited fair hearing. A hearing was held on December 11, 1981, after which an administrative law judge found, based upon public assistance standards, that petitioner had a monthly budget surplus of $170.65 and thus denied her relief. On December 22, 1981 respondent State Commissioner Blum affirmed the local agency's determination noting "Appellant's income exceeds her Public Assistance level needs. It is not the purpose of the Emergency Assistance for Adults Program to subsidize utility payments for those ineligible for Public Assistance who, for one reason or another, do not make the payments, although able to do so." Petitioner challenges the State commissioner's determination on the ground that the standard utilized in calculating her needs, to wit, the budgetary

standards for recipients of public assistance, is not applicable to an SSI recipient seeking emergency assistance. We agree. Emergency assistance to disabled persons receiving SSI payments is meant to meet emergency needs which cannot be met by the regular benefits of SSI and additional State payments (18 NYCRR 397.1 [a]). Payments for goods and services already received, such as the utility services herein, are deemed emergency needs (18 NYCRR 397.1 [b] [1]). 18 NYCRR 397.3 and 397.4 delineate the determination of eligibility for emergency assistance and the factors of eligibility, respectively. Conspicuously absent from these sections is any reference to utilizing a public assistance standard for determining eligibility. A recipient of SSI benefits is not within the statutory definition of persons receiving public assistance (*Matter of Termini v Hackett,* 80 AD2d 730, 731; see Social Services Law, § 2, subd 18). Moreover, title 8 of article 5 of the Social Services Law recognizes that certain emergency needs of New York recipients of SSI benefits cannot be met by the Federal program alone (*Matter of Menders v Blum,* 86 AD2d 809; Social Services Law, § 300; 18 NYCRR 397.4). The impending shutoff of petitioner's utility services because of nonpayment was undisputed. Petitioner's status as a disabled recipient of SSI benefits strongly suggests that if her utilities are shut off, such action would endanger her health, safety or welfare (see 18 NYCRR 397.1 [b]; *Matter of Menders v Blum, supra,* at p 811). Consequently, unless respondents can show that petitioner is not in need of the emergency assistance, they must furnish her the assistance (*Matter of Menders v Blum, supra; Matter of Kahn v Smith,* 60 AD2d 869). Respondents denied petitioner's request because they found a budget surplus of $170.65. The surplus was calculated by deducting from petitioner's $327.91 SSI grant, the sum of $157.26, representing her total needs, as estimated by public assistance standards (see 18 NYCRR Part 352). There is no authority in 18 NYCRR Part 397 to support respondents' reliance on these standards when determining petitioner's eligibility for relief. In a similar context, we recognized in *Matter of Rosenfeld v Blum* (82 AD2d 559) that the statutory SSI scheme and the State home relief scheme are not compatible in measuring surplus income for the purpose of establishing an applicant's needs. Petitioner's SSI is a flat grant of Federal funds (*Matter of Lee v Smith,* 43 NY2d 453, 457; *Matter of Rosenfeld v Blum, supra*), as calculated under the Federal scheme. The public assistance standard utilized by respondents is calculated on a basic allowance for monthly needs, exclusive of shelter, fuel for heating and home energy payments (18 NYCRR 352.1 [a]), plus the amount of money for shelter, fuel for heating and home energy payments required monthly in accordance with department regulations. Respondents are required to look into the actual needs of this petitioner (see 18 NYCRR 397.3). The right to emergency assistance is limited by the restrictions placed in 18 NYCRR 397.5 (l) (2), to wit, a person otherwise eligible cannot receive emergency assistance if that person has received an emergency grant within the preceding 12 months. It is undisputed that petitioner herein has not received emergency assistance within the prior 12 months. Accordingly, since petitioner has demonstrated an emergency need, and has indicated her inability to meet that need, respondents' decision to the effect that a person similarly situated who receives public assistance should be able to pay the utility bills, is arbitrary and capricious and must be annulled. Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.