■ In the Matter of DONALD SCHANBARGER, Appellant-Respondent, v ALBANY COUNTY SOCIAL SERVICES COMMISSIONER, Respondent-Appellant. — Cross appeals from a judgment of the

Supreme Court at Special Term (Pennock, J.), entered December 21, 1983 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to furnish petitioner with emergency assistance.

On September 19, 1983, petitioner appeared at respondent's offices and requested emergency assistance for food, housing and medical care, claiming that he was destitute. Petitioner refused to comply with respondent's request that he produce identification, asserting that he had no such documents. Respondent then scheduled an interview for September 23, 1983 and suggested that petitioner seek temporary shelter at the City Mission in Albany. Respondent refused to render an immediate written decision on petitioner's application. Instead of appearing at the scheduled interview, petitioner commenced this proceeding on September 27, 1983, seeking to compel respondent to provide him with emergency assistance and the services of an attorney to enforce his rights. Special Term directed respondent to provide petitioner with emergency assistance pending the department's investigation and determination of eligibility, but made no provision for the services of an attorney. Both parties have appealed.

The instant controversy arises out of the inflexible position taken by each party. Petitioner maintains that once he asserted a need for emergency assistance, he had an absolute right to receive such assistance unless respondent proved that he was not eligible. Respondent contends that petitioner's refusal to produce identification renders him ineligible for any assistance. Neither position is well founded.

Pursuant to 18 NYCRR 397.5, "[e]ach social services district shall, when provision cannot otherwise be made, grant EAA [Emergency Assistance for Adults] to meet emergency needs of eligible persons residing in the district under [certain] circumstances and conditions". To be eligible for EAA, an applicant must reside in the State, be eligible for supplemental security income (SSI) benefits or additional State payments, and have emergency needs that cannot be met by the applicant's other sources (18 NYCRR 397.4). Assuming petitioner meets the other two conditions, there is nothing in the record which establishes his eligibility for SSI benefits or other State payments,* thereby distinguishing this case from *Matter of Menders v Blum* (86 AD2d 809), upon which Special Term relied. Thus, contrary to

---

* Petitioner apparently applied for home relief simultaneously with his application for EAA, but there is nothing in the record concerning this application.

petitioner's claim, he has no absolute right to EAA and respondent does not bear the burden of proving him ineligible (see Social Services Law, § 300 *et seq.*).

Respondent's refusal to act on petitioner's application is based upon 18 NYCRR 351.2 (a), which states that "[t]he applicant or recipient shall furnish verification of his identity". Pursuant to 18 NYCRR 397.3, however, respondent is required to determine an applicant's eligibility for EAA based, in part, upon "an investigation, properly documented, of the facts alleged in the application including: (a) the identity of the applicant". Respondent admittedly has conducted no such investigation. Indeed, he has refused to render a written decision.

As a result of the parties' intransigence, there is no final determination which can be reviewed in a CPLR article 78 proceeding. Nor does the record contain sufficient facts for review under the rational basis test (see CPLR 7803, subd 3). Accordingly, Special Term acted prematurely in passing on the merits of petitioner's entitlement to EAA. Significantly, there is no provision in the statutes or rules and regulations for EAA pending the investigation and determination of eligibility, as directed by Special Term.

The relevant rules and regulations require that an initial determination of an applicant's eligibility for EAA be made by the local agency (18 NYCRR 397.3), and if the applicant is dissatisfied with that determination, he can appeal to the State Commissioner of Social Services and request a fair hearing (18 NYCRR 397.8). Given the present posture of this case, we find the appropriate remedy to be an order directing respondent to comply with the requirements of 18 NYCRR part 397 and promptly issue a determination on petitioner's application for EAA. As to petitioner's demand that respondent furnish petitioner with the services of an attorney, there is no statutory authority for such services in these circumstances.

Judgment modified, on the law, without costs, by reversing so much thereof as directed respondent to provide emergency assistance to petitioner; respondent is directed to comply with the requirements of 18 NYCRR part 397 and issue a determination on petitioner's application for emergency assistance within 10 working days of the entry of the order herein; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.