■ In the Matter of ALLIED-SIGNAL INC., as Successor in Interest to BENDIX CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents. [645 NYS2d 895] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained corporation franchise tax assessments imposed under Tax Law article 9-A.

This proceeding was determined upon stipulated facts which are not in dispute. Petitioner is the successor-in-interest to Bendix Corporation, a Delaware corporation with headquarters and domicile in Michigan. Bendix was incorporated in 1929 as a manufacturer of aviation and automotive parts. Over the years, Bendix developed into a multinational corporation with activities, either directly or through subsidiaries or other operating units, throughout the United States and 22 foreign countries.

From December 1977 through November 1978, Bendix acquired 20.6% of the outstanding stock of Asarco, Inc., an unrelated corporation involved in producing nonferrous metals. Bendix sold its Asarco stock in 1981, experiencing a gain of $211,513,354. Bendix also received $2,795,187 in dividends in that same year from this investment.

In 1981 Bendix began considering major acquisition of a high technology company and made open-market purchases of stock in companies that Bendix saw as potential acquisition candidates, including RCA Corporation, Lockheed Corporation and General Dynamics. In 1982 Bendix attempted to acquire Martin Marietta Corporation. Also during that fiscal year, Bendix sold its stock in Lockheed and General Dynamics result-

ing in capital gains of $6,012,275 and $70,895, respectively. Bendix also received $356,004 in dividends from its investment in RCA. During the time that Bendix held its investments in RCA, Lockheed and General Dynamics, Bendix and each of these three corporations were unrelated business enterprises. Bendix's investments in RCA, Lockheed and General Dynamics did not serve any function related to or benefitting Bendix's business operations.

On its corporate franchise tax reports for the fiscal years ending September 30, 1981 and September 30, 1982, Bendix excluded from its computation of "entire net income" the capital gains and dividends resulting from its investments in Asarco, RCA, Lockheed and General Dynamics. After an audit of Bendix's tax reports for fiscal years 1981 and 1982, the Department of Taxation and Finance (hereinafter the Department) issued two notices of deficiency asserting a penalty of $494,135 for the 1981 fiscal year and $219,223 for the 1982 fiscal year. This assessment was based on a finding that Bendix's dividend and capital gain income from its investments in Asarco, RCA, Lockheed and General Dynamics constituted investment income. The Department included this income, among other adjustments, in its calculations of Bendix's allocated entire net income for 1981 and 1982 fiscal years.

Petitioner subsequently filed a petition with the Division of Tax Appeals (hereinafter the Division) challenging the tax assessment. The matter was submitted upon stipulated facts to an Administrative Law Judge (hereinafter ALJ). The ALJ issued a determination upholding the assessment. Petitioner filed a timely exception to the ALJ's determination and challenged the validity of the tax on the following grounds: (1) the tax at issue is a tax on the activities of taxpayers rather than the activities of investment issuers, (2) all of Bendix's investment activities took place in Michigan without any connection between its investment activities and New York, and (3) if the tax at issue is a tax on the activities of investment issuers, then it is invalid under the Commerce and Due Process Clauses because there is no rational relationship between the income attributed to New York and the intrastate values of the investment issuers.

Respondent Tax Appeals Tribunal, relying on the Court of Appeals' decision in *Matter of Allied-Signal Inc. v Commissioner of Fin.* (79 NY2d 73), denied petitioner's challenge and sustained the notice of deficiency. The Tribunal ruled that the tax imposed was a tax on the activities of investment issuers and not on taxpayers. The Tribunal also found that the issu-

ers' presence in New York furnishes the requisite minimal connection between the income that the State seeks to tax and the activities that generated that income. Finally, the Tribunal held that petitioner failed to meet its burden in demonstrating that the method of computation of the tax was unconstitutional on its face.

Petitioner's arguments for annulment of the determination of the Tribunal are rejected. The determination should be confirmed and the petition dismissed.

Petitioner's contention that the tax imposed on its investment income is unconstitutional because it is based on Bendix's activities which took place in Michigan is without merit. Respondent Commissioner of Taxation and Finance correctly asserts that the computation of the investment allocation percentage (hereinafter the IAP) pursuant to Tax Law § 210 (3) (b) was based on the New York activities of the issuers of the stock in which Bendix invested, namely Asarco, RCA, Lockheed and General Dynamics, and was not a tax on the investment activities of the taxpayer (*see, Matter of Allied-Signal Inc. v Commissioner of Fin.*, 79 NY2d 73, 76-77, *supra*). The New York City taxation plan reviewed in *Matter of Allied-Signal, Inc. v Commissioner of Fin.* (*supra*) is almost identical to the plan at issue here (*supra*, at 76-77). There, the Court of Appeals specifically stated that "New York State has adopted similar rules [Tax Law § 210 (3) (b)] for allocating corporate investment income" (*supra*, at 77, n 3).

Here, as in the New York City plan, the portion of a corporate taxpayer's business income allocated to the State is determined by multiplying the taxpayer's total business income by its "business allocation percentage" (hereinafter BAP) (*see*, Tax Law § 210 [3] [a]). The BAP represents the proportion of the taxpayer's payroll, property and receipts attributable to New York compared to those of the corporation as a whole (*see*, Tax Law § 210 [3] [a] [1]). A corporate taxpayer's investment income, in contrast, is allocated to the State by multiplying the taxpayer's total investment income by its IAP (*see*, Tax Law § 210 [3] [b]). The taxpayer's IAP reflects the degree of State presence of the issuers of the securities in which the taxpayer has invested, while the taxpayer's BAP reflects the taxpayer's own activities in the State (*see, Matter of Allied-Signal Inc. v Commissioner of Fin., supra*, at 76-77). Thus, the Tribunal properly found that the tax was imposed on investment income.

We reject petitioner's claim that since Bendix's IAP was determined as much by its Michigan-based investment activi-

ties as by the New York business activities of Asarco, RCA, Lockheed and General Dynamics, the tax is really based on Bendix's investment activities. The site of Bendix's decision making of its corporate investments is not relevant for allocation purposes since the corporate franchise tax allocation is ultimately concerned with the locus of corporate business activities of either the taxpayer (BAP) or the issuer (IAP) (*see, Matter of Forbes, Inc. v Department of Fin.*, 66 NY2d 243, 245-246, *cert denied* 475 US 1109). Thus, the Tribunal properly found on the facts herein that the tax was correctly imposed on investment income by an IAP under Tax Law § 210 (3) (b).

Petitioner's contention that the lack of a unitary business relationship between Bendix and Asarco, RCA, Lockheed and General Dynamics negates any possibility of a sufficient connection or nexus between the income earned by a nondomicilliary and the taxing jurisdiction in this case (*see, Container Corp. v Franchise Tax Bd.*, 463 US 159, 165-166) is irrelevant. The need for such a unitary business relationship nexus in this situation has been rejected in *Matter of Allied-Signal Inc. v Commissioner of Fin.* (79 NY2d 73, *supra*). Here, as in *Matter of Allied-Signal Inc. v Commissioner of Fin. (supra)*, Asarco, RCA, Lockheed and General Dynamics clearly had a sufficient connection or nexus with the State since the State afforded privileges and opportunities to these corporations which contributed to their capital appreciation. Accordingly, the State "has given Bendix something 'for which it can ask [in] return,' and that consequently a sufficient nexus existed to support the [State's] tax" (*supra*, at 82, quoting *Wisconsin v J. C. Penney Co.*, 311 US 435, 444).

In the instant case, it is unnecessary to locate a unitary business relationship to validly impose the instant tax (*supra*, at 80-81) since the corporations generating the income taxed, Asarco, RCA, Lockheed and General Dynamics, each have their own connection with the taxing jurisdiction. Consequently, petitioner's reliance on *Allied-Signal Inc. v Director, Div. of Taxation of State of New Mexico* (504 US 768), *F. W. Woolworth Co. v Taxation & Revenue Dept.* (458 US 354), *Asarco, Inc. v Idaho State Tax Commn.* (458 US 307) and *Mobil Oil Corp. v Commissioner of Taxes* (445 US 425) is misplaced, and the Tribunal did not err in determining that a sufficient nexus existed between New York and the dividend and capital gain income that Bendix realized from these investments.

Petitioner's argument that since none of its activities concerning its investments in Asarco, RCA, Lockheed or General Dynamics occurred in New York, the taxation of this

income is not rationally related to its activities in the State was expressly considered and rejected in *Matter of Allied-Signal Inc. v Commissioner of Fin.* (79 NY2d 73, 84, *supra*).

We reject petitioner's contention that the IAP routinely violates the Commerce and Due Process Clauses and consequently is intrinsically arbitrary and must be struck down because, absent a unitary connection between the corporations, a single combined apportionment formula to income generated by a nondomicilliary corporation is constitutionally invalid. Insofar as petitioner's argument challenges the IAP formula as applied to Bendix's investments, petitioner has failed to show by " 'clear and cogent evidence' " (*Container Corp. v Franchise Tax Bd.*, 463 US 159, 175, *supra*) that "New York 'has applied a method [of apportionment], which, albeit fair on its face, operates so as to reach profits which are in no just sense attributable to transactions within its jurisdiction' " (*Matter of British Land [Md.] v Tax Appeals Tribunal,* 85 NY2d 139, 148, quoting *Hans Rees' Sons v North Carolina,* 283 US 123, 134). A party seeking to attack the facial constitutionality of a statute "must establish that no set of circumstances exists under which the [statute] would be valid" (*United States v Salerno*, 481 US 739, 745). It is not sufficient to show that the statute "might operate unconstitutionally under some conceivable set of circumstances" to render it invalid (*supra*, at 745). Petitioner has failed to meet that standard since it has failed to present proof that the dividends and capital gains were attributable in larger part to factors present in other States but not present in New York (*cf., Matter of British Land [Md.] v Tax Appeals Tribunal, supra*, at 150).

Petitioner has also furnished no proof warranting a redetermination of an allocation of petitioner's income pursuant to Tax Law § 210 (8) (*see, supra,* at 150). Thus the Tribunal properly determined that the tax was not imposed on extraterritorial values.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.