■ In the Matter of SUSAN FRUMOFF et al., Respondents, v BRIAN J. WING et al., Respondents, and MARVA HAMMONS, Appellant. [657 NYS2d 646] —Order, Supreme Court, New York County (Louis York, J.), entered June 3, 1996, granting the petition, vacating and annulling municipal respondent's determination denying the application for emergency assistance, directing the municipal respondent to replace $9,147.66 in rental arrears allegedly mismanaged by petitioners, to be tendered directly to respondent Noyo 117 Associates, and directing Noyo 117 Associates to restore petitioners to possession of the premises, unanimously reversed, on the law and facts, without costs, the order is vacated, the cross-motion is granted and the petition is dismissed.

Petitioners, as co-tenants, resided in apartment E4 at 231 East 117th Street for five years at a monthly rent of $551.25. Both petitioners received Social Security Disability and Supplemental Security Income payments as a result of their specified mental disabilities. Petitioners stopped paying their rent in March 1995. The respondent landlord commenced a nonpayment proceeding in the Housing Part of the Civil Court in July 1995.

During the pendency of the nonpayment proceeding, Protective Services for Adults applied, on behalf of petitioners, to respondent New York City Department of Social Services for emergency rent arrears. The application was denied on or about May 10, 1996. Petitioners explained that their cash benefits for rent had been used to pay "two loan sharks".

After the Housing Court Judge denied petitioners' application to stay the eviction, petitioners were evicted on May 13, 1996. However, petitioners, represented by MFY Legal Services, obtained an order prohibiting the landlord from reletting the apartment until May 25, 1996, with a proviso that petitioners would be restored to possession upon payment of $9,147.66 in arrears. On May 16, 1996, petitioners sought reconsideration of the administrative order denying the emer-

gency rent grant, which was again denied on May 23, 1996. Petitioners did not thereafter seek administrative review of the determination to the New York State Department of Social Services (*see*, Social Services Law § 305; § 22 [1], [3] [c]; [5] [a]). Rather, they commenced a proceeding pursuant to CPLR 7803, seeking to compel the City respondent to replace the rent arrears.

The municipal respondent cross-moved to dismiss the petition upon the grounds, *inter alia*, that petitioners failed to exhaust administrative remedies before commencing this proceeding. The motion court granted the petition and held that it was a "mandatory requirement" that the Commissioner of Social Services grant the relief where petitioners, who suffered from mental disabilities, mismanaged their funds, which resulted in potential loss of their housing accommodations (*see*, Social Services Law § 303 [1] [c]). Respondent appeals and we now reverse.

A litigant who seeks to challenge a determination of an administrative agency must exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts (CPLR 7801 [1]; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52; *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371; *Matter of Schwartz v Bank St. Coll. of Educ.*, 51 AD2d 947). Whether judicial review is permissible despite the availability of administrative review turns on whether the nature of the proceeding is to compel an administrative agency to perform a ministerial act, or to review an administrative action already undertaken (*Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96).

In the matter before us, while petitioners characterized this proceeding as one sounding in mandamus to compel, which ordinarily would dispense with the requirement of administrative finality before judicial review may be sought (*cf., supra*), the relief demanded herein clearly, but improperly, seeks to compel the manner in which judgment or discretion is exercised (*see, Matter of Schanbarger v Albany County Social Servs. Commr.*, 104 AD2d 697, *lv denied* 63 NY2d 610) for which finality of agency action is required before commencement of an article 78 proceeding. The agency's decision to apply standards based on the factual circumstances of this case to determine whether to grant or deny the emergency funding requested herein was inherently discretionary.

To allow petitioners to appeal directly from the initial determination denying emergency assistance without seeking an administrative hearing before the State Department of Social

Services would set a precedent allowing any unsuccessful applicant for emergency funding to seek judicial review prior to establishing the requisite proof at an administrative hearing, presided over by an administrative officer having specialized expertise in the area.

We are aware that after the argument of this appeal, petitioners requested a fair hearing before the New York State Department of Social Services and a determination to affirm the denial of emergency grant by New York City Department of Social Services was issued on January 3, 1997. However, since administrative remedies were not exhausted at the time this proceeding was commenced, dismissal of the petition is required (*see, Matter of Parent Teacher Assn. v Board of Educ.*, 138 AD2d 108). Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.