[699 NYS2d 560]

In the Matter of TEXAS EASTERN TRANSMISSION CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, December 9, 1999

---

## APPEARANCES OF COUNSEL

*Harold M. Seidel,* Morristown, New Jersey, and *LeBoeuf, Lamb, Greene & MacRae, L. L. P.,* Albany (*Frederick B. Galt* of counsel), for petitioner.

*Eliot Spitzer, Attorney General,* Albany (*Andrew D. Bing* of counsel), for respondents.

## OPINION OF THE COURT

CREW III, J. P.

The parties have stipulated to the relevant facts. During the years in question (1989, 1990 and 1991) petitioner, a Delaware corporation with its principal office and place of business in Houston, Texas, owned and operated an interstate natural gas pipeline system that extended from Texas to the northeast and midwest United States and spanned some 1,900 miles. The length of the pipeline in New York, which terminated on Staten Island, was approximately 2.5 miles.

Prior to October 1985, petitioner operated solely as a merchant of natural gas, purchasing such gas in Texas and Louisiana and transporting it through petitioner's interstate pipeline system to purchasers in New York and other States. Petitioner's activities in this regard were subject to regulation by the Federal Energy Regulatory Commission which, in October 1985, issued an "Open Access Order" requiring petitioner (and other interstate pipeline companies) to act as a common carrier and to transport natural gas owned by third parties.

Pursuant to the foregoing order, petitioner was engaged in two business activities during the years under consideration: (1) buying, transporting and selling natural gas as a merchant, and (2) transporting as a common carrier natural gas owned by third parties. During 1989, 1990 and 1991, the volume of third-party natural gas transported by petitioner as a common carrier exceeded the volume of natural gas transported by petitioner as a merchant. During this same time period, however, the gross receipts from petitioner's sales of natural gas as a merchant exceeded the gross receipts from its transportation of natural gas for third parties.

Although petitioner filed New York corporate tax returns and paid tax under Tax Law § 186,* it thereafter filed claims for refund for the years 1989 through 1991, contending that it was principally engaged in the transportation business as more than 50% of the volume of the gas it transported during this time period was for third parties. Hence, petitioner argued, it was subject to tax as a transportation corporation under Tax Law §§ 183 and 184, not as a supplier under Tax Law § 186. The Division of Taxation denied petitioner's refund claims, finding that petitioner did not qualify for classification as a transportation corporation because it derived more than 50% of its gross receipts from the sale of natural gas as a merchant.

Petitioner thereafter sought administrative review from the Division of Tax Appeals, again contending that it was a transportation corporation and should be taxed under Tax Law §§ 183 and 184. Additionally, petitioner asserted that if it indeed was subject to tax under Tax Law § 186, such provision was unconstitutional as applied because the statute imposed a franchise tax upon petitioner's unapportioned gross receipts. The Administrative Law Judge (hereinafter ALJ) sustained the finding that petitioner was subject to taxation under Tax Law § 186 and, as to the constitutional issue, concluded that the Division of Tax Appeals lacked jurisdiction to entertain this claim, which the ALJ deemed to be a challenge to the facial validity of Tax Law § 186. Respondent Tax Appeals Tribunal affirmed the ALJ's findings, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the Tribunal's determination.

The crux of petitioner's argument on review is that the gross receipts tax imposed by Tax Law § 186 is constitutionally flawed because such tax is not fairly apportioned and, hence, violates the dormant Commerce Clause (US Const, art I, § 8, cl [3]). As a starting point, we note that as the party challenging the facial validity of Tax Law § 186 (and we agree with the Tribunal that such indeed is the nature of petitioner's challenge), it is not sufficient for petitioner to demonstrate that the statute " 'might operate unconstitutionally under some

---

* Tax Law § 186 (1) provides, in relevant part, that: "Every corporation * * * formed for or principally engaged in the business of supplying * * * gas, when delivered through mains or pipes * * * shall pay for the privilege of exercising its corporate franchise or carrying on its business in such corporate or organized capacity in this state, a tax which shall be three-quarters of one per centum upon its gross earnings from all sources within this state * * * The term 'gross earnings' as used in this section means all receipts from the employment of capital without any deduction."

conceivable set of circumstances' " (*Matter of Allied-Signal, Inc. v Tax Appeals Tribunal*, 229 AD2d 759, 763, *appeal dismissed* 89 NY2d 859, quoting *United States v Salerno*, 481 US 739, 745). Rather, petitioner " 'must establish that no set of circumstances exists under which the [statute] would be valid' " (*id.*, at 763, quoting *United States v Salerno*, *supra*, at 745).

A challenged tax satisfies the requirements of the Commerce Clause if it: "[1] is applied to an activity with a substantial nexus with the taxing State, [2] is fairly apportioned, [3] does not discriminate against interstate commerce, and [4] is fairly related to the services provided by the State" (*Complete Auto Tr. v Brady*, 430 US 274, 279). Here, our inquiry concerns only the second criterion—the requirement that the tax be "fairly apportioned" which, in turn, is determined by whether the tax is both internally and externally consistent (*see, Goldberg v Sweet*, 488 US 252, 261). "Internal consistency is preserved when the imposition of a tax identical to the one in question by every other State would add no burden to interstate commerce that intrastate commerce would not also bear" (*Oklahoma Tax Commn. v Jefferson Lines*, 514 US 175, 185). "External consistency, on the other hand, looks * * * to the economic justification for the State's claim upon the value taxed, to discover whether a State's tax reaches beyond that portion of value that is fairly attributable to economic activity within the taxing State" (*id.*, at 185).

Applying these principles to the matter before us, and taking into consideration the United States Supreme Court's prior decisions in *Oklahoma Tax Commn. v Jefferson Lines* (*supra*), *Tyler Pipe Indus. v Washington State Dept. of Revenue* (483 US 232) and *Standard Pressed Steel Co. v Department of Revenue of Washington* (419 US 560), we conclude that petitioner has failed to meet its heavy burden of demonstrating that Tax Law § 186 is unconstitutional. Although petitioner asserts that New York cannot tax its gross earnings because of the interstate nature of its pipeline system, petitioner's argument on this point fails to acknowledge that the tax imposed by Tax Law § 186 is limited to "gross earnings from all sources *within this state*" (*id.* [emphasis supplied]). Hence, the statute does not, as petitioner asserts, seek to tax its gross earnings regardless of the out-of-State activity that contributed to those earnings; rather, Tax Law § 186 imposes a tax only upon gross earnings from all sources within this State. If each State through which petitioner's pipeline traveled enacted a gross receipts tax identical to that imposed by Tax Law § 186, each State would

tax only "gross earnings from all sources within [that] state," thereby negating any risk of multiple taxation. Thus, the statute is, as respondents assert, internally consistent. As to the issue of external consistency, it cannot be said on this record that petitioner has met its burden of demonstrating that the tax imposed by Tax Law § 186 "reaches beyond that portion of value that is fairly attributable to economic activity within [this] State" (*Oklahoma Tax Commn. v Jefferson Lines, supra*, at 185). Accordingly, we conclude that petitioner has not demonstrated that Tax Law § 186 is unconstitutional. Petitioner's remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.

SPAIN, CARPINELLO, GRAFFEO and MUGGLIN, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.