[708 NYS2d 193]

TENNESSEE GAS PIPELINE COMPANY, Appellant, v MICHAEL H. URBACH, as Commissioner of the Department of Taxation and Finance of the State of New York, et al., Respondents.

Third Department, May 25, 2000

## APPEARANCES OF COUNSEL

*Hodgson, Russ, Andrews, Woods & Goodyear, L. L. P.*, Albany (*Christopher L. Doyle* of counsel), for appellant.

*Eliot Spitzer, Attorney General,* Albany (*Andrew D. Bing* of counsel), for respondents.

## OPINION OF THE COURT

CARDONA, P. J.

Plaintiff is a Texas corporation engaged in the business of transporting natural gas through its interstate pipeline system. Plaintiff receives gas from its customers at various points along the pipeline and transports the commodity to requested locations. In connection with its operations, plaintiff maintains several compressor facilities in New York which operate to increase the pressure in the pipeline. The compressor facilities are fueled by natural gas known as compressor fuel.

For the period September 1, 1991 through November 30, 1996, defendant New York State Department of Taxation and Finance (hereinafter the Department) conducted a field audit of plaintiff's activities for alleged violations of the Natural Gas Import Tax ([hereinafter the NGIT] Tax Law §§ 189, 189-a, 189-b). As a result of the audit, the Department sought to impose upon plaintiff a NGIT tax and surcharge in the amount of $2,606,485.83 based upon its consumption of compressor fuel in New York. In response, plaintiff requested the Department to withdraw the proposed assessment on the ground, *inter alia*, that imposition of the tax violated the Commerce Clause of the US Constitution. When the Department refused, plaintiff commenced this action seeking, *inter alia*, judgment declaring the NGIT unconstitutional. No notice of deficiency had been issued against plaintiff at the time the action was commenced.

Following joinder of issue, the parties each moved for summary judgment. Upon finding that plaintiff failed to establish that the NGIT was unconstitutional on its face, Supreme Court, *inter alia*, granted defendants' cross motion and dismissed the complaint for failure to exhaust administrative remedies "without prejudice to plaintiff availing itself of the administrative process and commencing an action challenging the statute based on its actual impact". This appeal by plaintiff ensued.

As a general rule, "a declaratory judgment action is an inappropriate vehicle for challenging a tax assessment determination where the plaintiff has failed to exhaust its administrative remedies" (*Allstate Ins. Co. v Tax Commn.*, 115 AD2d 831, 832, *affd* 67 NY2d 999; *see, Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *Capers v Giuliani*, 253 AD2d 630, 633, *lv dismissed in part and denied in part* 93 NY2d 868). While an exception to the exhaustion requirement exists "when an agency's action is challenged as * * * unconstitutional" (*Watergate II Apts. v Buffalo Sewer Auth., supra,* at 57; *see, Capers v Giuliani, supra,* at 633), there must be an absence of factual issues surrounding the claim (*see, Allstate Ins. Co. v Tax Commn., supra,* at 834; *see also, Matter of Between The Bread II v Urbach*, 234 AD2d 724). In such case, the scope of judicial review is limited to a facial challenge to the constitutionality of the statute itself (*see, Stahlbrodt v Commissioner of Taxation & Fin. of State of N. Y.*, 246 AD2d 793, *affg on opn below* 171 Misc 2d 571, 575, *mod* 92 NY2d 646).

In considering plaintiff's facial attack upon the constitutionality of the NGIT under the Commerce Clause, we recognize that taxing statutes enjoy a presumption of validity and the burden is upon the party challenging the statute to demonstrate its unconstitutionality (*see, Trump v Chu*, 65 NY2d 20, 25, *appeal dismissed* 474 US 915). We further note that "[a] party seeking to attack the facial constitutionality of a statute 'must establish that no set of circumstances exist under which the [statute] would be valid' " (*Matter of Allied-Signal Inc. v Tax Appeals Tribunal of Dept. of Taxation & Fin.*, 229 AD2d 759, 763, *appeal dismissed* 89 NY2d 859, quoting *United States v Salerno*, 481 US 739, 745; *see, Matter of Texas E. Transmission Corp. v Tax Appeals Tribunal*, 260 AD2d 127, 130).

In support of its claim, plaintiff asserts that the NGIT impermissibly discriminates against interstate commerce by imposing a tax upon out-of-State suppliers who import natural gas into New York for consumption without imposing a similar tax upon New York suppliers who sell natural gas within New York. We find the argument unpersuasive. The NGIT statute provides that for taxable months commencing August 1, 1991, "there is hereby imposed on every gas importer a monthly privilege tax * * * on the privilege or act of importing gas services or causing gas services to be imported into this state for its own use or consumption in this state" (Tax Law § 189 [2] [a]). It defines a "gas importer" as "every person who imports or causes to be imported into this state gas services which have

been purchased outside the state for its own use or consumption in this state," not including public utilities subject to the jurisdiction of the Public Service Commission (Tax Law § 189 [1] [b]). Notably, public utilities regulated by the Public Service Commission are subject to a similar tax under the provisions of Tax Law §§ 186 and 186-a. Thus, there is nothing apparent from the plain language of the NGIT which reveals that it discriminates against interstate commerce.

Moreover, as is evident from its legislative history, the NGIT was enacted to equalize the tax burden imposed upon in-State suppliers of natural gas under Tax Law §§ 186 and 186-a who pass through such taxes to in-State consumers (*see*, L 1991, ch 166, § 149). As the Legislature noted, prior to the passage of the NGIT, "consumers of gas services [could] avoid the burden of the taxes imposed by sections 186 and 186-a of the tax law by purchasing the service out-of-state and hiring transportation to carry that service to the consumer's premises in this state" (L 1991, ch 166, § 149). Tax Law §§ 189, 189-a and 189-b were enacted to impose taxes and surcharges upon out-of-State gas importers commensurate to those imposed upon in-State suppliers under Tax Law §§ 186 and 186-a. To ensure comparability between out-of-State and in-State gas suppliers, the Legislature directed that, "pursuant to regulation by the public service commission, [in-State] utilities shall be required to continue to pass through the total amount of such taxes to in-state consumers so that such consumers will continue to bear the economic burden of such taxes" (L 1991, ch 166, § 149). Therefore, contrary to plaintiff's claim, the NGIT was enacted for the very purpose of equalizing the tax treatment of out-of-State and in-State suppliers of natural gas.

Plaintiff places emphasis on the fact that not all in-State providers of natural gas are regulated by the Public Service Commission and subject to the directive to pass through the tax imposed under Tax Law §§ 186 and 186-a to consumers. Plaintiff asserts that an inequitable situation exists whereby consumers of natural gas purchased from such in-State providers do not suffer the pass through of that tax while consumers of natural gas imported from outside the State suffer the tax imposed by Tax Law § 189 regardless of from whom they purchase it. Since the relevant inquiry herein is whether there is no set of circumstances under which the statute would be valid and not whether "the statute 'might operate unconstitutionally under some conceivable set of circumstances' " (*Matter of Allied-Signal Inc. v Tax Appeals Tribunal of Dept. of Taxa-*

*tion & Fin.*, 229 AD2d 759, 763, *supra*, quoting *United States v Salerno*, 481 US 739, 745, *supra; see, Matter of Texas E. Transmission Corp. v Tax Appeals Tribunal*, 260 AD2d 127, 129-130, *supra*), the scenario proposed by plaintiff does not establish that the NGIT is facially defective.

A close examination of the allegations contained in plaintiff's papers reveals that its real dispute is with the manner in which the NGIT was applied to its activities during the tax years at issue, a matter replete with factual questions. As the Court of Appeals has noted, "[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established" (*Matter of Schulz v State of New York*, 86 NY2d 225, 232, *cert denied* 516 US 944). In view of this, we concur with Supreme Court's conclusion that plaintiff's challenge to the constitutionality of the NGIT as applied to its activities was premature and that plaintiff must first pursue any available administrative remedies before such a challenge can be made. We further find that defendants are entitled to judgment declaring that the NGIT (Tax Law §§ 189, 189-a, 189-b) has not been shown to be facially unconstitutional (*see, Stahlbrodt v Commissioner of Taxation & Fin. of State of N. Y.*, 92 NY2d 646, 652, *supra*). We have considered plaintiff's remaining claims and find them to be unpersuasive.

MERCURE, CREW III, PETERS and MUGGLIN, JJ., concur.

Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as dismissed the complaint; it is declared that Tax Law §§ 189, 189-a and 189-b have not been shown to be facially unconstitutional; and, as so modified, affirmed.