■ In the Matter of Marie Grieco, Respondent, v Jason Turner, as Administrator of the New York City Human Resources Administration, et al., Appellants. [734 NYS2d 159] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 15, 2000, which, *inter alia*, annulled a determination of the New York State appellants, finding that petitioner-respondent Marie Grieco was eligible for Medical Assistance subject to a surplus "spendown" of $355.31 per month, and directing that respondents-appellants "immediately credit Marie Grieco's necessary medical expenses against her surplus income amount, retroactive to February 1998," unanimously reversed, on the law, without costs, the agency's determination as to the propriety of the calculation of the spendown allowance confirmed, and the petition dismissed.

The instant Fair Hearing was limited to a challenge of the City respondent's readjustment of the calculation of petitioner's monthly surplus income from $354.48 to $355.31. At the hearing, petitioner sought to make a broader challenge to the adequacy of petitioner's Medicaid personal care authorization, but she was advised that she must do so by separate petition. Rather, in support of an application to re-open the present administrative proceeding, petitioner submitted a letter from her doctor stating that instead of the eight hours of daily home health care currently authorized by the agency, 24-hour home care is medically necessary. Respondents were not afforded an adequate opportunity to present opposition before the agency, which declined to rule on the issue. In the circumstances, the court had no jurisdiction to determine that 24-hour care was medically necessary (*Capers v Giuliani*, 253 AD2d 630, *lv dismissed* 93 NY2d 868; *Matter of Frumoff v Wing*, 239 AD2d 216, 217 ["A litigant who seeks to challenge a determination of an administrative agency must exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts"]). "Th[e exhaustion] doctrine furthers the salutory goals of relieving the courts of the burden of deciding questions entrusted to an agency * * * preventing premature judicial interference with the administrators' efforts to develop, even by some trial and error, a co-ordinated, consistent and legally enforceable scheme of regulation and affording the agency the opportunity, in advance of possible judicial review, to prepare a record reflective of its 'expertise and judgment' " (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [citations omitted]). Petitioner must file a separate request with the agency for a determination that 24-hour care is medically necessary. Concur—Nardelli, J. P., Williams, Mazzarelli, Lerner and Friedman, JJ.