■ In the Matter of SALVATORE GAUDIO, Appellant, v BERNARD KERIK, as Police Commissioner of the City of New York, Respondent. [753 NYS2d 720] —Order, Supreme Court, New York County (William McCooe, J.), entered December 4, 2001, which in a CPLR article 78 proceeding to annul respondent's revocation of petitioner's pistol license, or, in the alternative, to compel respondent to conduct a hearing on the revocation of petitioner's pistol license, granted respondent's cross motion to dismiss the petition for failure to exhaust administrative remedies, unanimously affirmed, without costs.

Respondent revoked petitioner's pistol license after investigating the circumstances of his arrest for grand larceny arising out of his failure to pay sales taxes. Petitioner pleaded guilty to offering a false instrument for filing in the second degree, and was given a conditional discharge contingent on his making restitution to the State and City of his sales taxes. It appears that petitioner was paying such restitution in timely installments, that respondent at first refused to hold a hearing on the revocation of petitioner's pistol license until the restitution was paid in full, but that respondent then scheduled a hearing after petitioner instituted this article 78 proceeding. The motion court properly dismissed the article 78 proceeding on the ground that the scheduling of a hearing rendered the demand therefor academic, and that the other relief sought could not be granted until petitioner first exhausted his administrative remedies (*see Matter of Tellier v New York City Police Dept.*, 267 AD2d 9; *Matter of Frumoff v Wing*, 239 AD2d 216, 217). In any event, respondent's initial refusal to schedule a hearing until petitioner first fully satisfied the conditions of his plea agreement was not arbitrary and capricious and did

not deprive petitioner of any constitutional right. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.