**Robert Lee HOOK, Plaintiff, and all others that are similarly situated,**

v.

**Mr. MUTHA, et al., Defendants.**

**No. 99 Civ. 12398(TPG).**

United States District Court, S.D. New York.

April 17, 2001.

Robert Lee Hook, pro se.

## OPINION

GRIESA, District Judge.

Plaintiff is suing *pro se.* The action is brought against the Commissioner of the New York City Human Resources Administration and various employees of the Administration. The employees are apparently connected with the Income Support Programs of the Administration.

Defendants move to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Defendants assert that the court lacks subject matter jurisdiction at least as to parts of the complaint, and that the entire complaint is deficient in failing to state a claim upon which relief can be granted. The motion is granted in that the court holds that the complaint fails to state a claim entitling plaintiff to any relief.

### The Complaint

The following is a summary of the allegations in the complaint, which attaches various documents as exhibits and incorporates those documents.

In November 1997 plaintiff applied for public assistance at HRA's office on Staten Island. Plaintiff was granted an allotment of food stamps and other public assistance benefits. In January 1998 plaintiff moved to a single room occupancy hotel in Manhattan where cooking was not permitted. Plaintiff applied for a "restaurant grant" in January 1998. He was not provided with such a restaurant grant. Plaintiff continued to request the restaurant grant, and was met with continued rejections. In addition, during May and June 1998 plaintiff's allotment of food stamps was discontinued. He received an "administrative hearing" in June 1998, but the result was a denial of the benefits plaintiff requested. Plaintiff continued to pursue the matter. On September 10, 1998 the HRA issued a letter to plaintiff which contained a detailed accounting of what plaintiff had received, and was entitled to receive, in the way of food benefits beginning in December 1997. Most importantly, the letter stated that it had been determined that plaintiff was entitled to a restaurant grant retroactive to January 9, 1998. Plaintiff does not complain about the determinations contained in the September 10, 1998 letter.

The alleged wrongdoing which is complained about in this case relates to the period between January 1998 and September 1998. Plaintiff claims that the caseworker's refusal to provide the restaurant grant, and the discontinuance of food stamps in May and June 1998, were cruel and unusual punishment in violation of the Eighth Amendment and denial of due process in violation of the Fourteenth Amendment. Plaintiff claims that certain superiors of the caseworker violated the Eighth and Fourteenth Amendments in failing to review the caseworker's determinations properly. There is also a brief reference (Complaint par. 40) to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The allegation is that food allowances were denied to plaintiff, who is disabled within the meaning of the Act.

There is also a claim that plaintiff's constitutional rights were violated by not providing him carfare to and from the office dealing with his public assistance.

*Discussion*

■ The complaint asserts no valid claim. It is all too obvious that the Eighth Amendment does not apply. There was no criminal proceeding. The treatment accorded to plaintiff was not "cruel and unusual punishment."

■ As to the due process claim, plaintiff was afforded process which provided him an administrative review of the caseworker's determination, and the problem was rectified to plaintiff's satisfaction within a matter of months. Also, there is surely no constitutional issue about the carfare.

■ Although there is a brief mention of the Americans with Disabilities Act, there is no claim that plaintiff was denied benefits because of a disability. *See Rodriguez v. City of New York,* 197 F.3d 611, 618 (2d Cir.1999).

*Conclusion*

The action is dismissed.

SO ORDERED.