Lau v Human Resources Admin., care of Waverly Ctr. (2019 NY Slip Op 00406)





Lau v Human Resources Admin., care of Waverly Ctr.


2019 NY Slip Op 00406


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, JJ.


8187N 101558/16

[*1] Gilbert Lau, Plaintiff-Appellant,
v
Human Resources Administration, care of Waverly Center, et al., Defendants-Respondents.


Gilbert Lau, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 1, 2017, which denied plaintiff's motion for leave to submit a third amended complaint, unanimously affirmed, without costs.
The court properly denied plaintiff's motion to submit a third amended complaint, which, like his second amended complaint, sought consequential damages based on the temporary suspension of his Supplemental Nutrition Assistance Program (SNAP) benefits. Plaintiff also asserted a violation of his due process rights based on the alleged failure of defendant Human Resources Administration to mail a March 7, 2016 notice to plaintiff indicating that his benefits would be suspended if he did not submit a recertification application by March 31, 2016. Because SNAP benefits are a governmental function for the benefit of the general public, with no statute conferring a private right of action upon individuals receiving the government assistance, plaintiff may not seek consequential damages related to the temporary suspension of those benefits. Nor has plaintiff set forth any special relationship, excepting him from the general rule of municipal immunity from tort liability (see Rodriguez v City of New York, 20 AD3d 327 [1st Dept 2005], appeal withdrawn 7 NY3d 751 [2006]; Biro v Department of Social Servs./Human Resources Admin., 1 AD3d 302 [2d Dept 2003]).
Plaintiff's due process claim also fails, since he sought and was granted a post-deprivation fair hearing, at which the Administrative Law Judge found in his favor, and his benefits were restored, including retroactive payment of the benefits lost during the temporary suspension (see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260 [2010], cert denied 562 US 1108 [2010]; Hook v Mutha, 168 F Supp 2d 77, 79 [SD NY 2001]). Accordingly, as plaintiff's claims are not viable, the court properly denied leave to amend the complaint (see Eighth Ave. Garage Corp. v H.K.L. Realty Corp., 60 AD3d 404, 405 [1st Dept 2009], lv dismissed 12 NY3d 880 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK