OPINION OF THE COURT
Vincent R. Balletta, J.
This is an action to foreclose a mortgage on residential property owned by defendants Peter and Diana Catarelli. Summary judgment of foreclosure has already been granted to the plaintiff and affirmed on appeal.
The defendant, Diana Catarelli, has within this action served a third-party complaint upon the third-party defendant as Commissioner of the Nassau County Department of Social Services. Essentially, the third-party complaint alleges that the third-party plaintiff was entitled to receive certain public assistance from the third-party defendant from November, 1979 to the present, and that no shelter allowance has as yet been paid. The third-party plaintiff alleges that had the shelter allowances been paid, she would have been able to avoid or forestall the mortgage foreclosure. The third-party plaintiff alleges that she is entitled to a judgment-over against the third-party defendant as follows: “(1) the entire sum of principal and interest on the mortgage plus any late charges that may be due and owing; (2) all sums withheld by the third-party defendant from third-party plaintiff’s public assistance grant since November 5, 1979”.
*158 The third-party defendant now moves this court for summary judgment, alleging that there are no triable issues of fact. The said third-party defendant alleges that the mortgage was in default prior to November, 1979, and further, that no shelter allowance was granted to Mrs. Catarelli because she has never provided the third-party defendant with all requisite information.
The third-party plaintiff opposes the motion, alleging that she fully complied with all the requests for information and that in fact she received a grant for basic needs commencing in November of 1979, but it was not until April, 1980 that she was declared eligible for a shelter allowance. She states that had the shelter allowance been provided in November of 1979, the foreclosure action would not have been commenced.
On a motion for summary judgment, the court will search the entire record to determine if either party is entitled to judgment. (CPLR 3212, subd [b].) Furthermore, the defense of failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7) may serve as the basis for summary judgment. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:20, p 439.)
In the instant case, even assuming the facts as alleged by the third-party plaintiff to be true, no liability can be cast on the third-party defendant in this action since the complaint fails to state a cause of action. In reality, the third-party plaintiff seeks consequential damages for the alleged failure of the third-party defendant to carry out its mandate in providing benefits to the third-party plaintiff. There is no authority whatsoever in the law for the proposition that a social services agency is responsible for consequential damages alleged to have been suffered by the third-party plaintiff by reason of the agency’s nonpayment of the shelter allowance. This court can find nothing in either statute law or case law which would sustain the philosophical concept that consequential damages are due under such circumstances from any governmental department or agency. Liability for damages caused by an alleged wrong stops at a point dictated by public policy or common sense. (Milks v Mclver, 264 NY 267.) With this novel *159 question presented before the court, common sense dictates that the third-party defendant cannot be held responsible for the third-party plaintiff’s failure to make timely mortgage payments, and in this proceeding she may not recover a judgment for either the amount of the mortgage or the amount of the shelter allowance she claims to be due and owing.
Indeed, although there is statutory authority for a shelter allowance in the Social Services Law (Social Services Law, § 131-a), there is no mandate in that statute as to what form of assistance the shelter allowance should take. (Matter of Bernstein v Toia, 43 NY2d 437.) It is only in the Department of Social Services Rules and Regulations that a shelter allowance in the form of mortgage payments is provided for. Specifically, 18 NYCRR 352.4 (b) and (c) provide as follows:
“(b) Carrying charges. On client-owned property used as a home, carrying charges shall be met in the amount actually paid by the recipient, but not in excess of the appropriate maximum of the rent schedule, for the items of taxes, interest on mortgage, fire insurance, water rates and assessments.
“(c) Amortization. The amounts required to amortize a mortgage on the recipient’s property shall be included in the carrying charges when property is income-producing and the resulting carrying charges do not exceed the property income by an amount in excess of the maximum of the established rent schedule or when property is not income producing but it is essential to retain the home of the recipient and the resulting carrying charges do not exceed the appropriate maximum of the established rent schedule.”
In the instant proceeding, it is undisputed that contrary to the department’s regulations, the total carrying charges on Mrs. Catarelli’s house exceed the maximum rent schedule. The regulation provides that in addition to not exceeding the maximum rent schedule, such amortization payment shall only be made when “it is essential to retain the home of the recipient”. This court deems “essential” to mean not necessarily in the financial best interests of the *160 recipient, but essential to maintaining shelter for the recipient. In this regard, the court notes it is undisputed that the third-party defendant was ready, willing and able to provide a shelter allowance for an apartment if the third-party plaintiff wished to move there. The payments made by the Social Services Department are meant to provide subsistence and shelter, and not necessarily in the same place where the recipient has lived.
The provisions set forth in 18 NYCRR 352.4 (b) and (c) are two-pronged as to both the amount of total carrying charges and the “essential” requirement for retaining the home. The third-party plaintiff has not established either of those conditions.
As previously indicated, there is no precedent for the relief sought, but even if such precedent were found, in this case, the third-party plaintiff has failed to exhaust her administrative remedies. Generally, the failure of an administrative agency to act cannot be brought into the court at first instance. Section 22 of the Social Services Law specifically provides that an applicant can request an administrative hearing in the event the agency fails to act within a 30-day period. Although it is true that there is authority for direct court proceedings in the event of emergency, there was no effort by the third-party plaintiff to move directly in the court within the 30-day period after the application, alleging an emergency.
Plaintiff’s remedy for the alleged improper failure to act on her application, if any, is to request a hearing pursuant to section 22 of the Social Services Law. After such a hearing and any and all administrative appeals therefrom, the third-party plaintiff could thereafter commence an appropriate article 78 proceeding in this court in which the action of the Department of Social Services could be reviewed. (Social Services Law, § 22.)
Accordingly, the third-party defendant’s motion is granted, and the third-party complaint is dismissed.