■ JONATHAN LAM et al., Appellants, v NEPTUNE ASSOCIATES, Respondent. [610 NYS2d 538] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Huttner, J.), entered April 10, 1992, which, upon an order of the same court, dated March 11, 1992, granting the defendant's motion for summary judgment, is in favor of the defendant dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The infant plaintiff was allegedly injured when he fell into a bathtub which his mother had left running with hot water. The mother commenced this action on behalf of herself and the infant against the owner of the apartment building in which they resided. The complaint alleged that the infant's injuries were caused by the defendant's negligence, based on (1) the defendant's failure to properly maintain the bathroom window such that the mother was required to run hot water in the bathtub to heat the bathroom, and (2) the defendant's failure to properly regulate the maximum temperature of the hot water.

The Supreme Court properly granted the defendant's motion for summary judgment. The infant's injuries were not a foreseeable consequence of the defendant's alleged failure to maintain the bathroom window properly. Rather, the alleged defective condition of the window would have merely furnished the occasion for the infant's injuries *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316; *Alamo v U.S. Energy Sys. Co.,* 193 AD2d 708).

As to the defendant's alleged failure to properly regulate the hot water temperature, the plaintiffs failed to raise a triable issue of fact regarding whether the defendant had actual or constructive notice of the allegedly dangerous condition *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Brown v Marathon Realty,* 170 AD2d 426, 427). Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.