■ SYLVIA SANCHEZ, Appellant, v NELLO BIORDI et al., Respondents. [687 NYS2d 338] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about January 5, 1998, which, in an action to recover for burn injuries allegedly sustained when plaintiff tenant fainted in her bathroom and came into contact with uninsulated riser designed to heat the bathroom, insofar as appealed from, granted defendants landlords' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We agree with the IAS Court that Administrative Code of the City of New York § 27-809 does not apply, since, as plaintiff concedes, such section was enacted after the certificate of occupancy for the building was issued, and plaintiff fails to raise an issue of fact as to whether any of the exceptions to this grandfathering rule apply (see, Administrative Code §§ 27-114—27-123).

Nor is there merit to plaintiff's common-law negligence claim because, assuming defendants breached a duty to insulate the heat riser (see, Kellman v 45 Tiemann Assocs., 87 NY2d 871), such breach was not a proximate cause of plaintiff's injuries. Where the negligence complained of does not cause "the occurrence of the accident from which the injuries flow" (Rivera v City of New York, 11 NY2d 856, 857), and an intervening act occurs which is not foreseeable in the normal course of events (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315), proximate cause is lacking as a matter of law. That a tenant would lean up against a heat riser for almost a half hour as a result of having fainted and lost consciousness was not a foreseeable risk of defendants' alleged negligence (see, Rivera v City of New York, 11 NY2d 856, supra; cf., Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315-316, supra). Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.