■ Victor Dugue, Respondent, v 1818 Newkirk Management Corp. et al., Defendants, and JRD Management Corp., Appellant. [754 NYS2d 318] —In a consolidated action to recover damages for personal injuries, the defendant JRD Management Corp. appeals from so much of (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated October 25, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, dated March 14, 2002, as denied its cross motion for leave to renew its motion for summary judgment.

Ordered that the order dated October 25, 2001, is reversed insofar as appealed from, the motion for summary judgment is granted, and the complaint is dismissed insofar as asserted against the appellant; and it is further,

Ordered that the appeal from the order dated March 14, 2002, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff commenced these two negligence actions, which

were later consolidated, against, among others, JRD Management Corp., the owner of the apartment unit where he lived. The plaintiff alleges that in the middle of the night, he was seated on a toilet seat, and blacked out and burned his face against the uninsulated steam riser, located diagonally across from the toilet at a distance of 31½ inches from the rim of the toilet seat. When the bathroom door was opened, the steam riser would be completely hidden by the door, which hinged into the bathroom.

For a plaintiff to sustain a claim based on common-law negligence, he must initially establish, not only that the defendant breached a legal duty owed to him or her, but also that the alleged negligence was a proximate cause of the injuries (*see Pulka v Edelman,* 40 NY2d 781, 782). Given the location of the steam riser in relation to the toilet, it was not a foreseeable risk that the plaintiff would come in contact with it for a sustained period of time as a result of having lost consciousness (*see Rivera v City of New York,* 11 NY2d 856, 857; *Sanchez v Biordi,* 259 AD2d 434; *cf. Derdiarian v Felix Contr. Corp.,* 51 NY2d 308).

In light of the foregoing conclusion, we do not reach the issue of whether the defendant had a legal duty to insulate the steam riser.

Accordingly, summary judgment should have been granted in favor of JRD Management Corp. dismissing the complaint insofar as asserted against it. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.