■ ANDREA BIRO, Appellant, et al., Plaintiffs, v DEPARTMENT OF SOCIAL SERVICES/ HUMAN RESOURCES ADMINISTRATION, Respondent. [767 NYS2d 229]—

In an action, inter alia, to recover damages for negligent inflic-

tion of emotional distress, the plaintiff Andrea Biro appeals from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered July 23, 2002, as granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted by her pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced the instant action to recover consequential damages which allegedly resulted after the defendant improperly denied their applications for public assistance benefits. The plaintiffs alleged, inter alia, that they were evicted from their apartment as a result of the improper refusal by the defendant to pay their shelter allowance. In their complaint, they sought damages, inter alia, for negligent infliction of emotional distress.

The Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint insofar as it relates to the appellant pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Because the determination of whether an applicant is eligible for public assistance is discretionary rather than ministerial (*see Matter of Frumoff v Wing,* 239 AD2d 216, 217 [1997]) the defendant cannot be held liable for "the injurious consequences" of its incorrect denial of such benefits (*Tango v Tulevech,* 61 NY2d 34, 40 [1983]). Moreover, nothing in the law allows a plaintiff to "seek[ ] consequential damages for the alleged failure of the . . . defendant to carry out its mandate in providing benefits to [her]" (*Lautner v Catarelli,* 112 Misc 2d 157, 158 [1982]). Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.