(July 14, 2005)

■ AARON RIVERA et al., Respondents, v NELSON REALTY, LLC, et al., Appellants. [799 NYS2d 198]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 16, 2004, which denied defendants' motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The infant plaintiff allegedly burned himself when, at the age of three, he came into contact with a radiator in his family's apartment. This action seeking damages for the infant plaintiff's injuries, and those of his mother, was subsequently commenced against the entities that own and manage the apartment building (collectively, the landlord). Plaintiffs' primary theory of liability is that the landlord breached its nondelegable duty under Multiple Dwelling Law § 78 (1) to maintain the premises in a reasonably safe condition (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 643 [1996]) by failing to place a cover over the radiator.

Plaintiffs do not allege that the radiator malfunctioned in any way; they simply argue that a jury could find that the radiator should have been covered so as to prevent young children from touching it. The uncovered radiator does not, however, constitute the type of hazardous condition of which actual or constructive notice would expose a landlord to common-law liability under *Juarez*. Thus, notwithstanding the tenant's complaints in this case, it was not the landlord's duty to provide a cover for

the radiator. Accordingly, we reverse and grant the landlord summary judgment (*see Rodriguez v City of New York*, 20 AD3d 327 [2005]; *Bernstorff v Title Guar. & Trust Co.*, 269 App Div 708 [1945] [dismissing, on the ground that there was "no actionable negligence," a complaint seeking recovery for burns a child sustained when she came into contact with a radiator]).

Plaintiffs also make a secondary argument that an issue exists as to whether the radiator in question complied with section 27-809 of the Administrative Code of the City of New York. That provision does not, however, have any relevance to this matter. The portion of section 27-809 on which plaintiffs rely provides that "accessible *piping* in habitable and occupiable rooms carrying steam, water, or other fluids at temperatures exceeding one hundred sixty-five degrees Fahrenheit shall be insulated to prevent the temperature at the outer surface of the insulation from exceeding *sixty degrees Fahrenheit above the ambient temperature*" (emphasis added). Administrative Code § 27-809 states that it applies to "piping," and makes no reference to radiators. This strongly suggests that radiators are not within the scope of the provision, since the word "piping" is not usually understood to include radiators. Concur—Buckley, P.J., Mazzarelli, Friedman and Catterson, JJ.

Saxe, J., dissents in a memorandum as follows: My colleagues dismiss this action with the reasoning that as a matter of law, the failure to provide a radiator cover in an apartment in which young children are known to live does not create the type of hazardous condition for which a landlord may be held liable. In my view, this ruling ignores the legal duties of property owners.

Plaintiff Denise Rivera commenced this action on behalf of her son Aaron Rivera and herself, for injuries the three-year-old child allegedly sustained on October 30, 2001, when he suffered burns from contact with an uncovered radiator. Aaron was living with his parents and three siblings at 1030-40 Nelson Avenue, in the Bronx. At the time of the incident, Aaron and his brothers were playing alone in their bedroom while their mother was in the kitchen. Plaintiff heard a scream from the bedroom and when she found Aaron, he was a straddling a three-foot-high radiator. The uncovered radiator severely burned Aaron on both his legs. The child had not previously climbed on the radiator and plaintiff had previously warned the older children that the radiators were hot.

Prior to the incident, plaintiff and her husband had made numerous requests orally and in writing for radiator covers, both to plaintiff's father, Jose Rivera, the building superintendent, and to Abro Management Corp., the management company

for the premises. However, although an order for covers was placed by Jose Rivera, the order was canceled by the building manager, Aaron Kushner, due to cost.

The lack of a specific statutory duty to furnish radiator covers does not absolve defendants of all responsibility. First of all, while a violation of a specific statute establishes negligence, and a violation of a regulation may be considered as evidence of negligence, the lack of an applicable statute does not preclude the existence of negligence founded upon a property owner's common-law duty under Multiple Dwelling Law § 78 to maintain premises in a reasonably safe condition (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 643 [1996]; *Mas v Two Bridges Assoc.*, 75 NY2d 680, 687 [1990]). That a radiator was functioning as intended does not alone establish that it was safe. The question of what was reasonably safe must depend upon the particular circumstances, and presents an issue for resolution by a jury. Where defendants knew that children lived in the apartment, and that the hot, uncovered radiators presented a hazard to them, the question of whether the apartment was leased in a reasonably safe condition should not be determined as a matter of law.

The existence of a case dating from 1945 absolving a landlord from any liability where a child was burned by a hot radiator (*see Bernstorff v Title Guar. & Trust Co.*, 269 App Div 708 [1945]) is not dispositive. Not only was there no discussion in that brief memorandum opinion of a landlord's obligation to maintain premises in a reasonably safe condition, but there was certainly no discussion of a claim that maintaining premises in a reasonably safe condition entails providing a radiator cover. Indeed, radiator covers may not have been readily available when *Bernstorff* was being litigated. If they were not, the plaintiff in that case would have been unable to assert, as plaintiffs assert here, that the dangers presented to children by exposed bare metal radiators could reasonably have been rendered safe by the landlord. Accordingly, the holding of *Bernstorff* should not be relied upon to preclude plaintiff's contention.

While my colleagues reason that Administrative Code § 27-809, which requires accessible steam pipes in residential apartments to be covered by insulation, does not apply to radiators because "the word 'piping' is not usually understood to include radiators," I see this provision as having some relevance. A steam radiator is a device formed to radiate the steam brought to it by a steam pipe; it is exactly as dangerous as a steam pipe. If an accessible steam pipe *must* be insulated, the issue of

whether steam radiators warrant protective measures under appropriate circumstances should not be rejected out of hand, where they may be reasonably available. Moreover, the suggestion that a radiator cover would render a radiator ineffective is clearly inaccurate; if that were so, they would not be widely used.

The question of whether the landlord and managing agent breached their duty to their tenants involves the factual determination of what is "reasonably safe" in regard to exposed bare metal radiators in apartments with children. Accordingly, summary dismissal of plaintiffs' claim is inappropriate.