■ JALEN RODRIGUEZ et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [799 NYS2d 195]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered May 13, 2003, after a jury trial, finding the municipal defendants collectively 30% at fault and the Realty and Lenox Family Center defendants collectively 70% at fault, and awarding the infant plaintiff damages in the amount of $40,000 for past medical expenses, $110,000 for future medical expenses, $500,000 for future pain and suffering, and nothing for past pain and suffering, reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

We dismiss plaintiffs' claims against the municipal defendant because the provision of temporary housing for homeless families is a governmental function mandated by the State Constitution for the benefit of the general public, with no statute conferring a private right of action upon individuals receiving government assistance (*see Biro v Department of Social Servs./ Human Resources Admin.*, 1 AD3d 302 [2003]). Moreover, plaintiffs neither pleaded nor demonstrated the existence of the "special relationship" exception to the general rule of municipal immunity from tort liability, which, in a narrowly defined class of cases, imputes a governmental duty to an individual (*see Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]).

In addition, the Lenox Family Center's failure to provide a cover for the subject cast iron radiator did not constitute actionable negligence (*Bernstorff v Title Guar. & Trust Co.*, 269 App Div 708 [1945]). There was no evidence that this radiator was malfunctioning or that it was improperly installed. Further, the Building Code does not require covering for this type of radiator. Accordingly, the injuries suffered by the infant plaintiff did not result from any alleged breach of the duty to maintain the apartment in a reasonably safe condition (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 643 [1996]). They were instead the unfortunate result of a number of circumstances which were unforeseeable to the landlord (*Sanchez v Biordi*, 259 AD2d 434 [1999], *lv denied* 94 NY2d 754 [1999]). Concur—Mazzarelli, J.P., Friedman, Sullivan and Williams, JJ.

Saxe, J., dissents in part in a memorandum as follows: In this case, as in *Rivera v Nelson Realty, LLC* (20 AD3d 316 [2005]), my colleagues dismiss a claim against a landlord where a child was severely burned on a metal radiator, with the reasoning that as a matter of law, the failure to provide a radiator cover in an apartment does not create the type of hazardous condition for which a landlord may be held liable. In my view, in both cases this ruling ignores the obligation of property owners, and the factual question of whether that obligation has been satisfied.

The infant plaintiff and her mother were living in a single room in a homeless shelter, in which the mother's bed had been placed against the radiator. When the infant began crying late one night, the mother took her from the crib, fed and burped her, and lay back in the bed with her, placing the infant on the inside part of the bed to protect her from rolling to the floor, whereupon both fell back asleep. The infant subsequently rolled off the bed and onto the floor adjacent to the radiator, with her face against it, suffering severe burns.

The testimony included a dispute between the parties' expert witnesses as to whether radiator covers were available for this type of radiator, and whether such a cover would interfere with the delivery of the required amount of heat.

The jury awarded plaintiff a verdict, apportioned 30% against the municipal defendants and 70% against the property owners, for sums including $500,000 for future pain and suffering and $110,000 for future medical expenses. The majority now dismisses this verdict in its entirety. While I agree that plaintiffs do not have a private right of action against the municipal defendants for alleged negligence in providing temporary housing for homeless families (*see Biro v Department of Social Servs./ Human Resources Admin.*, 1 AD3d 302 [2003]), and that no

special relationship was shown to create a duty on the part of the municipality toward plaintiffs (*see Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]), I disagree with the dismissal of the verdict against the landlord.

The lack of a specific statutory duty to furnish radiator covers does not absolve defendants of all responsibility as a matter of law. While a violation of a specific statute or regulation establishes or serves as evidence of negligence, the lack of a controlling statute does not preclude the existence of negligence (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]). There remains a duty on the part of the landlord under Multiple Dwelling Law § 78 to maintain the premises in a reasonably safe condition (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 643 [1996]). That a radiator was functioning as intended does not alone establish that it was reasonably safe. Rather, the question of what was reasonably safe must depend upon the particular circumstances, and under these circumstances it presents an issue for resolution by a jury. Where defendants knew that an infant lived in the apartment, and that the hot, uncovered radiators would burn a child who made contact with them, and where there was a dispute as to whether radiator covers could reasonably be supplied, the determination that the room provided to plaintiffs was not maintained in a reasonably safe condition under the circumstances was supported by the evidence, and should not be rejected as a matter of law.

The existence of a case dating from 1945 absolving a landlord from any liability where a child was burned by a hot radiator (*see Bernstorff v Title Guar. & Trust Co.*, 269 App Div 708 [1945]) is not dispositive. Not only was there no discussion in that brief memorandum opinion of a landlord's obligation to maintain premises in a reasonably safe condition, but there was certainly no discussion of whether that obligation might entail providing a radiator cover. Indeed, radiator covers may not have been readily available when *Bernstorff* was being litigated; if they were not, that plaintiff would have been unable to assert, as plaintiffs assert here, that the dangers presented to children by exposed bare metal radiators could reasonably have been rendered safe by the landlord. Accordingly, the holding of *Bernstorff* should not be relied upon to preclude plaintiffs' contention.

Nor do these circumstances support the majority's assertion that the accident was unforeseeable as a matter of law. A mother placing an infant on a bed in living quarters consisting of one room is not the type of unforeseeable intervening event at issue in the case cited by the majority, *Sanchez v Biordi* (259 AD2d 434 [1999], *lv denied* 94 NY2d 754 [1999]).

For the foregoing reasons, I would reinstate the verdict against the landlord.