■ DIAVION BRUNO, an Infant, by His Mother and Natural Guardian, SONIA RAMOS, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [800 NYS2d 705]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered September 23, 2004, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

This is an action to recover for injuries sustained by the infant plaintiff, Diavion Bruno, approximately 15 months old, in a public housing apartment unit owned by defendant New York City Housing Authority (NYCHA). At the time of the incident, the infant plaintiff and her mother, plaintiff Sonia Ramos, were sleeping in a bed in the master bedroom of their apartment. The bed was located next to the radiator and steam pipes. The left side of the bed, where the infant plaintiff slept, was a couple of inches away from the radiator. In the corner of the room, vertical heating pipes ran from the floor through the ceiling. Two horizontal heating pipes positioned along the floor connected the vertical heating pipes and the radiator. The radiator and heating pipes were not covered or insulated.

During the early morning hours, Ramos was awakened when she heard the infant plaintiff cry out. The infant had fallen out of bed, with her left leg between the horizontal heating pipes located against the wall. The infant's left leg had "bubbled up." The infant was taken by ambulance to the hospital where she was treated for third-degree burns. Prior to the incident,

plaintiff mother did not complain about the uninsulated heating pipes nor did she request that defendant cover or insulate them.

Plaintiff commenced this action against defendant, alleging it was negligent in allowing the radiator and pipes to remain uninsulated and to reach an unreasonably high temperature. Following discovery, defendant moved for summary judgment dismissing the complaint. Defendant argued that it was not negligent in failing to insulate the radiator and heating pipes.

In opposition, plaintiff argued that there were issues of fact as to whether the heating pipes and radiator in the apartment were unreasonably hot and whether defendant had notice of the unreasonably hot conditions. Supreme Court denied the motion, relying on 9 NYCRR 1711-9.5, which requires, in pertinent part, that "all heating lines shall be insulated." (Subd [g].) Given the lack of insulation on the pipes in plaintiffs' apartment, the court determined that summary judgment in favor of defendant was unwarranted.

On appeal, defendant argues that the motion court's reliance on 9 NYCRR 1711-9.5 to deny summary judgment was error, and that no other triable issues exist. We agree. Defendant's expert stated, without any expert evidence from the plaintiff to the contrary, that 9 NYCRR 1711-9.5 was enacted 16 years after the certificate of occupancy for the apartment building in this case was issued, and that the building was in compliance with the statutory requirements then existing (see *Sanchez v Biordi*, 259 AD2d 434 [1999], *lv denied* 94 NY2d 754 [1999]). It further appears, as defendant's expert also stated, that 9 NYCRR 1711-9.5, which was promulgated under the authority of the Private Housing Finance Law as part of a regulatory program relating to the "operation of private housing projects under the sponsorship of private enterprise" (9 NYCRR 1700.1), does not apply to public housing developments like this one.

As for plaintiff's common-law claim that defendant was negligent in allowing the pipes to remain uninsulated and to reach an unreasonably high temperature, plaintiff fails to rebut defendant's expert's conclusion that the temperature of the heating pipe was appropriate, based on evidence that the condensate temperature was 100 degrees Fahrenheit and the hot water temperature was 140 degrees Fahrenheit. In the absence of competent evidence showing that the heating pipes were permitted to reach an unreasonably high temperature, there are no triable issues of material fact as to defendant's negligence (see *O'Brien v Ovington Hall, Inc.*, 40 AD2d 874 [1972], *affd* 33 NY2d 866 [1973]). Concur—Tom, J.P., Friedman, Gonzalez and Catterson, JJ.