■ ALANIA HUGHES, an Infant, by Her Mother and Natural Guardian, LOTRINA KINSEY, Appellant, v CONCOURSE RESIDENCE CORP. et al., Respondents. [878 NYS2d 333]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered January 30, 2008, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion to amend the verified bill of particulars, unanimously reversed, on the law, without costs, defendants' motion and cross motions denied and plaintiff's cross motion granted.

On March 10, 2002, the infant plaintiff, who resided with her family in a single room in a homeless shelter owned and operated by defendants, was burned when she fell onto an exposed pipe, carrying either steam or hot water, which had a portion of its insulation missing.

The court erred in denying plaintiff's motion to amend her bill of particulars to add a violation of Administrative Code of the City of New York § 27-809, which requires that pipes carrying steam or hot water at temperatures exceeding 165 degrees Fahrenheit be insulated (*see Isaacs v West 34th Apts. Corp.*, 36 AD3d 414, 415 [2007], *lv denied* 8 NY3d 810 [2007]). The amendment will not prejudice defendants since it does not raise any new factual allegations or theories of liability (*see Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479 [2007]; *Walker v Metro-North Commuter R.R.*, 11 AD3d 339 [2004]).

In granting summary judgment, the motion court relied on *Rivera v Nelson Realty, LLC* (7 NY3d 530 [2006]) and *Rodriguez v City of New York* (20 AD3d 327 [2005], *appeal withdrawn* 7 NY3d 751 [2006]), which held that the failure to provide radiator covers is not actionable. The court's reliance was misplaced, since this case involves an injury caused by an uninsulated pipe, regulated by Administrative Code § 27-809, not an allegedly unsafe radiator cover, which is not so regulated (*see Isaacs* at 415-416).

Defendants have failed to establish that Administrative Code § 27-809 does not apply to this case. Significantly, Concourse's witness testified that in 1996 or 1997 all of the radiators in the building were changed and the building was required at that time to insulate all of the pipes.

Nor have defendants established a lack of notice. While their witnesses stated that they had no personal knowledge of the exposed pipe and agreed that the rooms were routinely checked by Home Life—the inspection included a check of the pipes to make sure they were insulated—plaintiff's file was devoid of routinely maintained home assessment forms and/or room inspection reports as well as an incident report. Furthermore, plaintiff testified that she had complained about the condition of the pipe and that her room had never been inspected (*see Moore v 793-797 Garden St. Hous. Dev. Corp.*, 46 AD3d 382 [2007]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Freedman and Richter, JJ.