■ TEKEVIA FERGUSON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [910 NYS2d 444]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated August 18, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 28, 2005, the plaintiff sustained a burn injury when she apparently lost consciousness while sitting on the toilet at her friend's apartment, and her forehead made contact with a steam riser pipe. The defendant landlord established its entitlement to judgment as a matter of law, based, inter alia, upon proof that Administrative Code of the City of New York § 27-809, requiring insulation of accessible piping exceeding 165 degrees Fahrenheit, did not apply to the defendant's building because the building was constructed before that provision went in effect, and proof that the pipe was maintained in accordance with acceptable standards.

In response to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, it was not foreseeable that the plaintiff would come into contact with the steam riser pipe for a sustained period of time (*see Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d 560, 561 [2003]; *Sanchez v Biordi*, 259 AD2d 434 [1999]). Further, the plaintiff failed to raise a triable issue of fact as to whether the defendant had actual or constructive notice of a dangerous condition violating the defendant's common-law duty to maintain a safe premises (*see Lam v Neptune Assoc.*, 203 AD2d 334, 335 [1994]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Roman and Sgroi, JJ., concur.