■ ENRIQUE REID, Appellant, v CITY OF NEW YORK, HUMAN RESOURCES ADMINISTRATION, Respondent. [912 NYS2d 410]—

In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 29, 2009, which granted the defendant's motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced this action against the defendant City of New York, Human Resources Administration (hereinafter HRA) to recover consequential damages which allegedly resulted after the defendant denied the plaintiff's request for hotel placement. The plaintiff alleged that in June 2006, his landlord was issued a notice of violation by the defendant because the apartment had scalding hot water and an unsecured window and that therefore, his apartment was uninhabitable. The plaintiff allegedly went to the HRA office twice in June

2006, but hotel placement was denied. The plaintiff alleged that he did in fact vacate his apartment on or about June 10, 2006, but HRA continued to make rental payments to his landlord until December 2006. On December 6, 2006, HRA placed the plaintiff in a hotel. The plaintiff alleged that the defendant's actions caused him severe emotional distress, embarrassment, and pain and suffering. The Supreme Court granted the defendant's motion for summary judgment dismissing the amended complaint. We affirm.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint because the determination to deny the plaintiff's request for hotel placement was discretionary rather than ministerial (see 18 NYCRR 352.3 [e] [1]; Biro v Department of Social Servs./Human Resources Admin., 1 AD3d 302, 303 [2003]; Matter of Frumoff v Wing, 239 AD2d 216, 217 [1997]; see also McLean v City of New York, 12 NY3d 194, 203 [2009]; Lauer v City of New York, 95 NY2d 95, 99 [2000]). The defendant cannot be held liable for the injurious consequences of such a determination (see Tango v Tulevech, 61 NY2d 34, 40 [1983]; Biro v Department of Social Servs./Human Resources Admin., 1 AD3d at 303; Matter of Frumoff v Wing, 239 AD2d at 217). "Moreover, nothing in the law allows a plaintiff to 'seek[ ] consequential damages for the alleged failure of the . . . defendant to carry out its mandate in providing benefits to [him]' " (Biro v Department of Social Servs./Human Resources Admin., 1 AD3d at 303, quoting Lautner v Catarelli, 112 Misc 2d 157, 158 [1982]). Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.