■ JAYDEN PALACIOS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [915 NYS2d 595]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Starkey, J.), dated November 24, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 20, 2006, the infant plaintiff was burned when he fell from a bed at his grandmother's apartment, and his left leg made contact with a steam riser pipe. The apartment was owned by the defendants. In support of their motion for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law based, inter alia, upon proof that Administrative Code of the City of New York § 27-809, requiring insulation of accessible piping exceeding 165 degrees Fahrenheit, did not apply to the subject building because it was constructed before the effective date of that provision (*see Isaacs v West 34th Apts. Corp.*, 36 AD3d 414, 416 [2007]), and proof that the pipe was maintained in accordance with acceptable standards (*see Ferguson v New York City Hous. Auth.*, 77 AD3d 706 [2010]; *Bruno v New York City Hous. Auth.*, 21 AD3d 760, 761 [2005]; *Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d 560, 561 [2003]; *Sanchez v Biordi*, 259 AD2d 434, 435 [1999]).

In response to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact. The plaintiffs failed to provide an expert affidavit in opposition to the affidavits of the defendants' experts (*see Bruno v New York City Hous. Auth.*, 21 AD3d at 761), and they did not supply any competent evidence establishing the temperature of the steam riser pipe against which the infant plaintiff fell (*see O'Brien v Ovington Hall*, 40 AD2d 874 [1972], *affd* 33 NY2d 866 [1973]). Moreover, the plaintiffs failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice of a dangerous condition violating their common-law duty to maintain a safe premises (*see Ferguson v New York City Hous. Auth.*, 77 AD3d 706 [2010]; *Lam v Neptune Assoc.*, 203 AD2d 334, 335 [1994]; *cf. Hughes v Concourse Residence Corp.*, 62 AD3d 463, 464 [2009]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defend-

ants' motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.