■ GABRIELLE CLARKE et al., Respondents, v CITY OF NEW YORK, Appellant. [920 NYS2d 913]—

The plaintiff Kezieann Clarke commenced this action, individually and on behalf of her infant child, against the City of New York to recover damages for personal injuries the child allegedly sustained as the result of an elevated blood lead level diagnosed after she had resided for one year in a temporary housing shelter. It is undisputed that the City neither owned nor operated the shelter. After issue was joined and discovery completed, the City moved, inter alia, for summary judgment dismissing the complaint. The City contended that because the placement of families in temporary shelters is discretionary conduct, it was immune from liability. Moreover, the City argued that even if its acts were ministerial, there was no special relationship between it and the child subjecting it to liability. The plaintiffs opposed the motion, asserting that there were triable issues of fact as to whether the City's placement of them in the shelter, as well as the City's biannual inspections of the premises, created a special relationship. The Supreme Court, inter alia, denied that branch of the City's motion which was for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.

The City made a prima facie showing that the administration of its mandate to provide temporary housing for homeless families is discretionary conduct for which it cannot be held liable (*see Reid v City of N.Y., Human Resources Admin.*, 79 AD3d 839 [2010]; *Rodriguez v City of New York*, 20 AD3d 327 [2005]; *Biro v Department of Social Servs./Human Resources Admin.*, 1 AD3d 302 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact. Thus, the issue of whether a special relationship existed need not be reached (*see McLean v City of New York*, 12 NY3d 194, 202 [2009]).

The failure of the claims asserted on behalf of the infant plaintiff is fatal to the plaintiff mother's derivative claims for loss of consortium and loss of services (*see Kaisman v Hernandez*, 61 AD3d 565 [2009]; *Young v Robertshaw Controls Co., Uni-Line Div.*, 104 AD2d 84 [1984]).

Accordingly, the Supreme Court should have granted that branch of the City's motion which was for summary judgment dismissing the complaint. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.