Order, Supreme Court, New York County (Anil C. Singh, J.), entered December 24, 2012, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff Joseph Powers was injured when, while intoxicated, he fell off a setback roof of a building owned and managed by defendants. The setback roof, which ran the length of the rear of the building, was five-feet wide, and accessible by climbing through the window of plaintiffs friend’s apartment. Although most of the setback abutted either a wall or a setback roof from the adjacent building, a portion abutted an air shaft that terminated below ground level. The setback had gutters, but no parapet walls or guardrails.
An accident is unforeseeable as a matter of law where the conduct or chain of events was so extraordinary that the defendant’s duty did not extend to preventing it (see Di Ponzio v Riordan, 89 NY2d 578, 583-584 [1997]). Here, given the nature and location of the setback, it was unforeseeable that individuals would choose to access it, and thus defendant had no duty to guard against such an occurrence (compare Lesocovich v 180 Madison Ave. Corp., 81 NY2d 982 [1993] [rooftop that was large enough to host a cookout, and contained its own porch]). Indeed, defendants’ superintendent testified that he had never been on the setback, nor had he ever observed anyone using it.
Regarding allegations of statutory violations, defendants demonstrated that the building, constructed as a loft in 1909 and converted to multiple dwelling in 1979, was grandfathered out *658 of the 1968 and 2008 Building Codes by submission of the 1979 Certificate of Occupancy (see Hyman v Queens County Bancorp, Inc., 3 NY3d 743 [2004]; compare Lesocovich at 985). Plaintiff failed to adduce any evidence in opposition, such as the conversion costing more than 60% of the value of the property (see Administrative Code of City of NY § 27-115), that would create a question of fact concerning the applicability of the 1968 Building Code, namely Administrative Code § 27-334. Plaintiff also failed to raise a question of fact as to defendants’ reliance on Administrative Code § 27-120.
Furthermore, the Certificate of Occupancy satisfied defendants’ burden of showing that the Multiple Dwelling Law was not violated, since the 1979 certificate provided that the building ££conform[ed] substantially ... to the requirements of all applicable laws, rules and regulations for the uses and occupancies specified herein.” Plaintiffs argument, that the use and occupancy of the building was somehow changed by an alleged bar on smoking is unsupported.
Concur—Andrias, J.P, Saxe, DeGrasse, Richter and Gische, JJ.