■ JOSHUA TRADER, an Infant, by His Mother and Natural Guardian, LAKISHA TRADER, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [986 NYS2d 587]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Rivera, J.), dated November 13, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On December 7, 2009, the infant plaintiff, Joshua Trader, allegedly was burned when his leg made contact with a steam riser pipe in the kitchen of his family's apartment. At the time

of the accident, the apartment building was owned and maintained by the defendant. In support of its motion for summary judgment dismissing the complaint, the defendant established its prima facie entitlement to judgment as a matter of law based upon, inter alia, proof that Administrative Code of the City of New York § 27-809, requiring insulation of accessible piping exceeding 165 degrees Fahrenheit, did not apply to the subject building because it was constructed before the effective date of that provision (see Palacios v City of New York, 80 AD3d 588, 589 [2011]; Isaacs v West 34th Apts. Corp., 36 AD3d 414, 416 [2007]; Bruno v New York City Hous. Auth., 21 AD3d 760, 761 [2005]; Sanchez v Biordi, 259 AD2d 434, 434 [1999]), and proof that the pipe was maintained in accordance with acceptable standards (see Palacios v City of New York, 80 AD3d at 589; Bruno v New York City Hous. Auth., 21 AD3d at 761).

In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether any of the exceptions to the "grandfathering" rule of Administrative Code of the City of New York § 27-809 applied (see Powers v 31 E 31 LLC, 105 AD3d 657 [2013], lv granted 21 NY3d 863 [2013]; Sanchez v Biordi, 259 AD2d 434 [1999]). Moreover, the plaintiffs failed to raise a triable issue of fact as to whether the defendant had actual or constructive notice of the alleged dangerous condition, violating its common-law duty to maintain a safe premises (see Palacios v City of New York, 80 AD3d at 589; Ferguson v New York City Hous. Auth., 77 AD3d 706 [2010]; Lam v Neptune Assoc., 203 AD2d 334, 335 [1994]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.