■ TYRAE WHITE, by His Mother and Guardian, ANNETTE WHITE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [32 NYS3d 140]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered August 12, 2015, which, upon renewal, denied defendant's (NYCHA) motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to the common-law negligence claim, and otherwise affirmed, without costs.

Plaintiff seeks damages for injuries allegedly sustained by her disabled son in their NYCHA apartment as a result of coming into contact with an exposed heating pipe in his bedroom while he was suffering a seizure.

NYCHA failed to establish that Administrative Code of City of NY § 27-809, which requires certain heating pipes to be insulated, did not apply to the subject building, whose construction pre-dates the enactment of that provision, and that no exception to the grandfathering provisions of the Code was applicable (Administrative Code § 27-111; *see Isaacs v West 34th Apts. Corp.*, 36 AD3d 414, 416 [1st Dept 2007], *lv denied* 8 NY3d 810 [2007]; *Sanchez v Biordi*, 259 AD2d 434 [1st Dept 1999], *lv denied* 94 NY2d 754 [1999]). The affidavits submitted by NYCHA attesting to the cost of capital improvements to the building did not conclusively show that alterations in excess of 30% of the value of the property were made to the building during any given 12-month period (Administrative Code §§ 27-115, 27-116; *see Powers v 31 E 31 LLC*, 24 NY3d 84, 92 [2014]; *see also Johnson v Wythe Place, LLC*, 134 AD3d 569, 570 [1st Dept 2015]).

NYCHA established prima facie that it was not negligent in its operation and maintenance of the heating pipes in plaintiff's

son's bedroom via affidavits by its engineer, who determined, based on boiler room records, deposition testimony, and an inspection of the heating elements at the building and the apartment, that NYCHA's maintenance and operation of the heating pipes in the bedroom conformed to common and accepted practice, that the heating elements were functioning properly at the time of the accident, and that the steam pressure in the system was at an acceptable level at that time.

In opposition, plaintiff failed to controvert NYCHA's evidence as to the proper functioning of the heating system. The mere fact that the heating pipe, a heat source for the bedroom, was hot and lacked insulation, which would have interfered with its function, is not actionable (*see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 537 [2006]; *Bruno v New York City Hous. Auth.*, 21 AD3d 760 [1st Dept 2005]; *Rodriguez v City of New York*, 20 AD3d 327, 328 [1st Dept 2005]; *Palacios v City of New York*, 80 AD3d 588 [2d Dept 2011]). Moreover, there is no indication that NYCHA assumed a duty to plaintiff through a course of conduct (*cf. Nina W. v NDI King Ltd. Partnership*, 112 AD3d 460 [1st Dept 2013] [building superintendent had removed the rusty, bent and sharp cover on a heating element and promised repeatedly to repair and reinstall it, but failed to do so]). Plaintiff's contradictory statements about making a complaint to a NYCHA employee are insufficient to raise an issue of fact. Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.