Jones v New York City Hous. Auth. (2019 NY Slip Op 02694)





Jones v New York City Hous. Auth.


2019 NY Slip Op 02694


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-06330
 (Index No. 13602/14)

[*1]Rosalee Jones, respondent, 
v
New York City Housing Authority, appellant.


Cullen and Dykman LLP, New York, NY (Kenneth S. Buffaloe of counsel), for appellant.
Kaston & Aberle, LLP, Mineola, NY (Richard M. Aberle of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated March 13, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries allegedly sustained by her when she slipped on ice while taking a shortcut through a playground owned and maintained by the defendant. After discovery was completed, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
The defendant failed to establish its prima facie entitlement to judgment as a matter of law. The evidence that the defendant submitted in support of its motion demonstrated the existence of a triable issue of fact on the issue of whether, by its prior conduct, the defendant had assumed a duty to clear the shortcut of snow and ice, and, if so, whether it breached that assumed duty (cf. White v New York City Hous. Auth., 139 AD3d 579, 580; Nina W. v NDI King Ltd. Partnership, 112 AD3d 460, 462). Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint, the burden never shifted to the plaintiff (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the denial of the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court