E. B.-W. v New York City Hous. Auth. (2020 NY Slip Op 03865)





E. B.-W. v New York City Hous. Auth.


2020 NY Slip Op 03865


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


350031/15 M-1182

[*1] E. B.-W., an infant by her mother and natural guardian Dominique Bou, et al., Plaintiffs-Respondents,
v
New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for appellant.
Greenberg & Stein, New York (Ian Asch of counsel), for respondents.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about July 18, 2019, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint insofar as predicated on its alleged violation of Administrative Code of City of NY § 27-809, unanimously affirmed, without costs.
Defendant failed to establish prima facie that Administrative Code § 27-809 did not apply to the building in which infant plaintiff's accident occurred. Defendant's Director for Capital Projects Administration failed to explain how he arrived at his conclusion, or to submit documentation in support thereof, that the building does not fall within an exception to the Code's grandfathering rule, namely where alterations made to the building cost at least thirty percent of the building's value (Administrative Code §§ 27-115, 27-116). Moreover, he compared "the value of each unit at the time the alterations were performed [with the] average cost of work per unit," and therefore did not establish whether "the cost of making alterations" equaled or exceeded thirty percent of "the value of the building," which is the standard set by the statute (Administrative Code §§ 27-115, 27-116; see Zabawa v Sky Mgt. Corp., 183 AD3d 430, 431 [1st Dept 2020]; White v New York City Hous. Auth., 139 AD3d 579 [1st Dept 2016]; but see Ebron v New York City Hous. Auth., 177 AD3d 530 [1st Dept 2019]). To the extent Ebron can be construed as supporting a contrary position, we clarify that White is and has been the rule regarding defendant's burden on a prima facie case. Since defendant failed to meet its initial burden, the motion must be denied without regard to the sufficiency of plaintiffs' papers in opposition (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1984]).
Defendant also failed to establish prima facie that, even if Administrative Code § 27-809 applied to the subject building, it did not violate the ordinance because the pipe did not need to be insulated, since it "carrie[d] a fluid not exceeding two hundred fifty degrees Fahrenheit and insulation would [have] interfere[d] with the functioning of the system." The affidavits of defendant's engineer submitted on this issue were notarized without the state and not accompanied by the requisite certificate of conformity, and "the technical defect was not corrected, despite plaintiff[s'] timely objection in opposition to defendant['s] motion" (Attilio v Torres, 181 AD3d 460, 461 [1st Dept 2020]; see CPLR 2309[c]). Were we to disregard the technical nonconformity and consider the affidavits, as the motion court did (see e.g. Wager v Rao, 178 AD3d 434, 435 [1st Dept 2019]), they still failed to meet defendant's prima facie burden because they merely averred, in conclusory fashion, that insulating the pipe on which the infant plaintiff was burned would have interfered with the functionality of the heating system (see Zabawa, 183 AD3d at 431).
The parties' remaining arguments concerning so much of the order as granted defendant's motion for summary judgment dismissing the complaint insofar as predicated on its violation of a [*2]common-law duty are not properly before us. Plaintiff did not appeal from that portion of the order despite being aggrieved thereby (see e.g. Solomon v Pepsi-Cola Bottling Co. of N.Y., Inc., 136 AD3d 469 [1st Dept 2016]).
M-1182 - E. B.-W. v New York City Housing Authority
Motion for stay, denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK