Ronda v New York City Hous. Auth. (2023 NY Slip Op 00287)

Ronda v New York City Hous. Auth.

2023 NY Slip Op 00287

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 155293/18 Appeal No. 17149 Case No. 2022-01032 

[*1]Yolanda Ronda, as Administratrix of the Estates of Carlos Ronda etc., Plaintiff-Respondent,
v
The New York City Housing Authority, Defendant-Appellant.

Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for appellant.
Hach & Rose LLP, New York (John A. Blyth of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 20, 2022, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff's decedent Carlos Ronda, who lived in a building complex owned and operated by defendant, was injured when he fell against a radiator and heating pipes in his apartment. Plaintiff concedes that the heating system in his apartment was governed by the 1938 Building Code, which did not require defendant to insulate the pipes, and that the system was not defective or in disrepair. Nevertheless, plaintiff contends that defendant created a dangerous condition by overheating the apartment.
Defendant established prima facie that it did not breach any common-law or statutory duty to plaintiff's decedent. According to the affidavit of defendant's expert, a professional engineer, the steam pressure setting of the boilers that serviced the 25-building complex was normal, customary in the industry, and compliant with the applicable codes (see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534 [2006]). Defendant's expert also stated that the heating system in the apartment was not in disrepair. In addition, as a matter of law, defendant had no duty to insulate the pipes or provide a covering for the radiator (see id.; White v New York City Hous. Auth., 139 AD3d 579, 580 [1st Dept 2016]).
In opposition, plaintiff failed to present evidence sufficient to raise a triable issue of fact. Although the testimony revealed that the decedent and others had complained to one of defendant's porters about the hot pipes and the overheating of the apartment, plaintiff presented no evidence to refute defendant's showing that the conditions did not violate any code, regulation, or industry standard or practice in maintaining the radiator in the decedent's apartment. Moreover, plaintiff failed to offer any evidence suggesting that the radiator malfunctioned or had been improperly installed (see Rodriguez v City of New York, 20 AD3d 327, 328 [1st Dept 2005]). Although plaintiff submitted an expert affidavit from a professional engineer, that affidavit was insufficient to raise a triable issue of fact, as the expert did not provide support for his opinion that the steam pressure setting was excessive under the circumstances (see Bruno v New York City Hous. Auth., 21 AD3d 760, 761 [1st Dept 2005]). Plaintiff's expert also conceded that the
applicable 1938 Building Code did not require defendant to insulate the pipes. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023