Maldonado v Young & Booby Realty Corp. (2024 NY Slip Op 00048)

Maldonado v Young & Booby Realty Corp.

2024 NY Slip Op 00048

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 21196/15 Appeal No. 1362 Case No. 2022-04486 

[*1]James Maldonado et al., Plaintiffs-Appellants,
v
Young and Booby Realty Corp., et al., Defendants, CRF-Cluster Model Program, LLC, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Courtney Chadwell of counsel), for respondents.

Order, Supreme Court, Bronx County (Laura Douglas, J.), entered March 31, 2022, which, inter alia, granted defendants City of New York and CRF-Cluster Model Program, LLC's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiffs allege injuries when a portion of the kitchen ceiling in their apartment fell and struck Mr. Maldonado. Defendant The City of New York (City) contracted with CRF-Cluster Model Program, LLC (CRF) to provide temporary housing for homeless families. Plaintiffs argue that they are third-party beneficiaries of that contract and thus these defendants are liable for plaintiff's injuries because they breached a duty to report and ensure a ceiling leak in plaintiffs' unit was repaired by the superintendent. Plaintiffs did not allege that they were third-party beneficiaries of this contract in their amended complaint or bill of particulars and appear to have raised this claim for the first time in opposition to defendants' summary judgment motion. The original contract is not in the record. To the extent that plaintiffs base their claim on the 2013 renewal of the original contract, their argument is unavailing. Even if CRF owed a duty to plaintiffs to inspect and report the leak, the record demonstrates that a caseworker for CRF observed and reported the leak. Furthermore, there is no evidence that CRF's alleged failure to ensure the repair was completed before plaintiff's accident either created or exacerbated the risk of harm so as to render these defendants liable for plaintiff's injury (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; see also Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253 [2007]; Church v Callanan Indus., 99 NY2d 104, 112 [2002]). The record also does not support a claim that plaintiffs detrimentally relied on CRF's performance of any contractual duty or that CRF's failure to perform a contractual duty caused plaintiffs' injuries (see Espinal, 98 NY2d at 140).
The City may only be liable under the special relationship doctrine if they were performing a ministerial action, as opposed to a discretionary one, and if they violated a duty owed to plaintiff that is separate and apart from its duty to the public generally (Mclean v City of New York, 12 NY3d 194, 202-203 [2009]). We have previously held that "the provision of temporary housing for homeless families is a governmental function mandated by the state constitution for the benefit of the general public" (Rodriguez v City of New York, 20 AD3d 327, 327 [1st Dept 2005]). Plaintiffs have failed to identify any non-discretionary act by the City. Moreover, their allegations appear to be based on their interactions with a caseworker employed by CRF. There is no evidence that the City had control over CRF or its employees. There is also no evidence that the City had notice of the conditions in plaintiffs' apartment.
We have considered plaintiffs' remaining arguments and find them [*2]unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024